COLEGROVE *v.* THE NEW YORK AND NEW HAVEN RAILROAD
COMPANY AND THE NEW YORK AND HARLEM RAILROAD
COMPANY.

A passenger injured by a collision resulting from the concurrent negli-
gence of two railroad corporations, may maintain a joint action against
both.

The judge's charge that no fault of the plaintiff could excuse the defendants
unless it had some effect to produce the collision, disapproved.

No exception lies to the refusal to receive a demurrer to evidence.

APPEAL from the Superior Court of the city of New York.
The plaintiff, a passenger under a commutation contract for
the season, upon the Harlem railroad, brought his action for
damages sustained in a collision between the train in which he
was riding and a train of the New York and New Haven
Railroad Company. Both corporations used the same track
under an arrangement between them sanctioned by statute,
according to which they were to be governed by a common
code of regulations in respect to the management of their
trains. Upon the conclusion of the trial the judge submitted
to the jury specific written interrogatories, in answer to which
they found that both of the corporations were guilty of negli-
gence which caused the injury to the plaintiff—both the collid-
ing trains, as the proof was, having been run in violation of
the regulations, and the collision being a consequence of such
violation. The plaintiff at the time of the collision was stand-
ing on the platform of a car, but the jury found that though
there were vacant seats in another car the plaintiff had not
sufficient time to reach such car after he got on the train and
before it was in motion. In reference to this fact, the judge
remarked in his charge, that "if the company undertake to
carry in any one car more than they can accommodate with
seats, so that some are from necessity forced to stand upon the
platform, and have no opportunity before the train is under

way to find seats in other cars, such persons are there by permission of the company and are lawfully there; and the company can claim no exemption under the statute [§ 46 of the General Railroad Law] no matter how conspicuously their notices may be posted in the interior of the cars." He also remarked "that standing upon the platform of the car could in itself have had no effect in producing the collision by which the injury was effected. Of itself, therefore, it would be no defence to the company." * In answer to a request from the jury for instruction, he further charged on that subject in the language stated in the following opinion, and the defendant took an exception.

Upon the conclusion of the plaintiff's testimony the counsel for the New York and New Haven Railroad Company offered to demur to the evidence. The court overruled the offer and the defendant excepted. A verdict was taken for the plaintiff for $450, subject to the opinion of the court. Judgment was rendered upon the verdict at general term and the defendants appealed to this court.

The case in the Superior Court is reported in 6 *Duer*, 382.

*William Curtis Noyes*, for the appellants.

*John Graham*, for the respondent.

H. GRAY, J. The principal ground upon which the defence rests is, that the defendants are not jointly liable for the consequences of the collision, though it resulted from the negligence of each company, because the negligence was not joint. Had the collision set in motion a third body, which in its movement had come in contact with and produced the same injury to the plaintiff, no good reason can be assigned against their joint liability; such a case is in principle like the one under consideration.

The defendants have not been in any respect prejudiced by the refusal of the court to permit them to demur to the evidence. The party demurring is bound to admit as true not

only the facts proved by the evidence but also the facts which the evidence may legally conduce to prove (2 *Dunlap's Pr.*, 648), and this is precisely what must be admitted on a motion for a nonsuit or for a peremptory direction that a verdict be rendered. The party nonsuited or against whom a verdict is ordered is upon appeal entitled to have every doubtful fact found in his favor. No benefit other than delay could result to the defendants by the interposition of a demurrer which would not be the result of the motion made by them to dismiss the complaint after the evidence on both sides had closed. The demurrer to evidence has long since gone out of use in this State, and ought not any longer to be regarded as a right upon which an exception can be predicated. Thus far we see no ground for disturbing the judgment of the court below. We do not agree to the soundness of the proposition put forth in the charge "That no fault of the plaintiff could excuse the defendants from liability, unless it had the effect to produce the collision that caused the injury;" and if the question was necessarily involved in the case, we are all of opinion that the judgment should be reversed, but inasmuch as the answers by the jury to the interrogatories propounded by the judge did not involve the plaintiff in any negligence, we think the judgment should be affirmed.

DENIO, J., dissented upon the ground that a joint action was not maintainable. GROVER and STRONG, Js., also dissented upon the ground that it should have been submitted to the jury to inquire whether the plaintiff was not (by reason of circumstances not set forth in the preceding statement of the facts), guilty in standing upon the platform, of culpable negligence, which contributed to his injuries and excused the defendants.

Judgment affirmed.