.ANNA VAN WAGENEN, RESPONDENT, *v.* GEORGE KEMP, IMPLEADED WITH THE MAYOR, ETC., OF ·THE CITY OF . NEW YORK, APPELLANT.

*Pleadings — demurrer — misjoinder of causes of action.*

A complaint alleging " that the said municipal corporation and the said Kemp (the owner of the adjoining lot) carelessly and negligently allowed and permitted the construction of the said insecure and unsafe bridge," whereby injury resulted to the plaintiff, *held*, sufficient, upon a demurrer thereto setting up that two causes of action had been improperly united.

APPEAL from an order of the Special Term overruling a demurrer.

The complaint set out as a ' cause of action, that the defendant Kemp was the owner of a lot of land on Fifth avenue, a public street in the city of New York, and unlawfully made an excavation several months prior to May 27, 1873, in the sidewalk opposite his premises, and constructed an insecure bridge for foot passengers over the excavation, and that it was the duty of the defendant the municipal corporation to keep said avenue in good order and to protect any excavation made in the public streets; that the said municipal corporation and said Kemp carelessly and negligently allowed and permitted the construction of said insecure and unsafe bridge and platform, on the said public avenue or highway, over the excavation aforesaid, and the plaintiff, while lawfully passing over said street and said bridge, on the day aforesaid, fell through and was injured and claims damages therefor. To this the defendant, the Mayor, etc., answered, and the defendant Kemp demurred, upon the ground that two causes of action had been improperly united, and this appeal is from the order overruling such demurrer.

*Prescott Hall Butler*, for the appellant, Kemp.

*George C. Blanke*, for the respondent.

DAVIS, P. J. :

The authorities cited by the court below show that a joint action will lie in such cases as this, upon the averment and proof of

sufficient facts. (*Colegrove* v. *The New Haven Railroad Company and another*, 20 N. Y., 492; *Phelps* v. *Wait*, 30 id., 78; *Davenport* v. *Ruckman and The Mayor, etc.*, 37 id., 568; Code, § 167.)

The complaint in this case contains this allegation: "That the said municipal corporation and said Kemp carelessly and negligently allowed and permitted the construction of the said insecure and unsafe bridge and platform, in the said public avenue and highway, over the excavation aforesaid." This is an averment of joint misfeasance. The demurrer admits the truth of the allegation, and it admits also the allegations that plaintiff suffered injury by reason of such joint negligence and wrong. It may be that on the trial the plaintiff will fail to satisfactorily establish the joint liability, but with the above quoted allegation of the complaint interwoven into the woof and warp of its texture, we cannot hold that the demurrer was improperly overruled.

Order affirmed, with the usual leave to answer over on terms.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with the usual leave to answer over on terms.