HAMNSTROWN v. NEW YORK CONTRACTING CO., PENNSYLVANIA TERMINAL, et al.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

PLEADING—COMPLAINT—SEPARATELY STATING AND NUMBERING CAUSES OF ACTION.

A complaint in an action for the negligent death of an employé, brought against the employer and a third person, which alleges that the injuries were caused by the concurrent negligence of defendants, in that the employés of the third person negligently permitted a bucket to strike and kill the employé, and that the employer failed to furnish a reasonably safe place to work, states separate causes of action, within the rule requiring separate causes of action to be separately stated and numbered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 113.]

Appeal from Special Term.

Action by Windla Hamnstrown, administratrix of Anselmn Hamnstrown, deceased, against the New York Contracting Company, Pennsylvania Terminal, and another. From an order denying a motion to require plaintiff to serve an amended complaint, separately stating the causes of action (102 N. Y. Supp. 835), defendants appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

J. C. Toole, for appellants.
Thomas J. O'Neill, for respondent.

INGRAHAM, J. The complaint alleges that on the 25th of September, 1906, the plaintiff's intestate, while in the employ of the defendant Brown & Fleming Contracting Company, was struck by a bucket owned and maintained by the New York Contracting Company, Pennsylvania Terminal, and sustained injuries which resulted in his death; that the said injuries were caused by the concurrent negligence and wrongful acts of the defendants, in that the employés of the New York Contracting Company permitted a bucket to strike and kill the plaintiff's intestate, and that the said New York Contracting Company caused and permitted the said bucket and the apparatus thereof to be unsafe, dangerous, insecure, and out of repair; and also that the Brown & Fleming Contracting Company, as the intestate's master, failed to furnish him with a reasonably safe place to work and to reasonably safeguard, inspect, and maintain reasonably safe the appliances and place in connection with which the deceased was obliged to work, failed to properly light said place, employed and retained in-

competent foremen and fellow workmen, and failed to formulate, promulgate, and enforce proper rules for the deceased's safety.

Although these acts of negligence are stated in the complaint to be concurring acts of negligence, it is apparent that they were entirely distinct negligent acts, which gave separate causes of action against the two defendants. If the Brown & Fleming Contracting Company, the deceased's employer, was negligent in the performance of its duty in providing the deceased with a safe place to work, it would have been liable, whether the New York Contracting Company was or was not negligent. If, on the other hand, the New York Contracting Company was negligent in allowing this bucket to fall, it was liable, irrespective of any negligence of the Brown & Fleming Contracting Company. In other words, the parties did not concur in the same negligent act which caused the injury. There are, therefore, two causes of action alleged against two separate defendants, based upon distinct acts of negligence; the Brown & Fleming Company not being responsible for the acts charged against the New York Contracting Company as negligent, and the New York Contracting Company not being responsible for those charged as negligent acts of the Brown & Fleming Company. There were not, therefore, concurring acts of negligence, which could impose a liability upon the two defendants, upon which they could be held liable in one cause of action, but two causes of action, based upon distinct acts of negligence of different parties. The plaintiff should be required to separately state and number them.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

