ANTOINE FENEFF *vs.* BOSTON AND MAINE RAILROAD
& another.

Worcester.    September 30, 1907. — December 4, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, & SHELDON, JJ.

*Negligence,* Railroad, Licensee, Invited person, Imputed.    *Joint Tortfeasors.*

At the trial of an action against two railroad companies for injuries received in a
collision of two engines in a railroad yard containing tracks used regularly by
three railroad companies but controlled entirely by the operator of a switching
tower who was an employee of one of the defendants, there was evidence tending
to show that, while the plaintiff, upon a dark and misty morning, was riding in
the yard upon a passenger engine of the railroad company which was not a de-
fendant, he being there by direction of the yard master, who, the jury would
have been warranted in finding, had control of the yard, he saw a switching
engine, which was operated by the defendant other than the one whose em-
ployee operated the tower, approaching on the same track, and that, before he
could save himself, the collision occurred.   There was evidence tending to show
that the passenger engine made a trip daily such as it was making at the time of
the collision, and that the switching engine generally was not allowed to come
upon its track until the passenger engine had passed, that there was a telephone .
to another part of the yard which frequently had been used by the person in
charge of the tower to ascertain whether there would be danger in allowing the
switching engine to go upon the passenger engine's track near the time when the
latter should be passing.   The person in charge of the tower at the time of
the collision was not called as a witness.   Only the companies whose employees
operated the switching tower and the switching engine were defendants. · *Held,*
that it could not be said as a matter of law that the plaintiff was not in the exer-
cise of due care or had assumed the risk of the injury, or that the negligence, if
any, of the person operating the engine upon which he was when injured should
be imputed to him ; and, *also,* that there was evidence from which the jury prop-
erly could find that negligent acts of the employees of both defendants, operating
concurrently, contributed to the plaintiff's injury.

A servant, while entering or leaving the premises of his master at the beginning
or close of the day's work, and while using the means of entrance or exit pro-
vided by the master, is not a mere licensee on the premises but is there by the
invitation of the master.

One who receives personal injury by reason of negligent acts of two or more per-
sons, which operate concurrently to cause the injury so that the damage which
results from each of such negligent acts cannot be determined separately, can
maintain an action against all such wrongdoers jointly.

TORT for personal injuries received by the plaintiff in the col-
lision of two engines, upon one of which he was riding, in the

yards of the New York, New Haven, and Hartford Railroad Company in Worcester. Writ in the Superior Court for the county of Worcester dated June 13, 1906.

It appeared that, at the point in the yards where the collision occurred, there were five tracks, three of which were controlled by the defendant, New York Central and Hudson River Railroad Company, and two by the New York, New Haven, and Hartford Railroad Company, which was not a party to this action. Across these tracks a switch engine operated by the defendant, Boston and Maine Railroad, ran from time to time. Near at hand was a switching tower. No trains or engines could pass on the tracks at the place in question unless they were permitted to by the man in charge of the switching tower. That man was an employee of the defendant, New York Central and Hudson River Railroad Company.

At the time of the collision, the plaintiff, under the circumstances stated in the opinion, was riding upon a passenger engine of the New York, New Haven, and Hartford Railroad Company from the south station to go to the union station, when that engine was run into by a switching engine of the defendant, Boston and Maine Railroad. The plaintiff contended that the collision occurred because of negligence both of the persons operating the switching engine and of the person operating the switching tower. At the close of the evidence, the presiding judge directed a verdict for both of the defendants, and the plaintiff excepted.

Other facts are stated in the opinion.

*C. E. Tupper*, for the plaintiff.

*C. M. Thayer*, (*A. H. Bullock* with him,) for the Boston and Maine Railroad.

*R. A. Stewart* (*A. J. Young* with him,) for the New York Central and Hudson River Railroad.

BRALEY, J. The defendants insist that, at the time of the accident, the plaintiff was either a mere licensee to whom they owed no duty except to refrain from wanton or wilful injury to his person, or was guilty of contributory negligence. This defence is untenable.

It was undisputed that, as a yard brakeman in the employment of the New York, New Haven, and Hartford Railroad Company, having completed his work for the day, he was injured while

riding within the yard limits on one of its passenger locomotives which he had boarded for the purpose of going to the union station on his way home. The rules of this road conferred upon the yard master authority not only over the yard itself, but over employees when engaged therein in the train and yard service, and it was by his express order that the plaintiff had been directed to ride on any locomotive that might furnish the desired accommodation. The rule, with which the plaintiff was familiar and upon which the defendants largely rely, which directed engineers not to permit any person except the fireman and others necessarily there in the discharge of their duty to ride on the engine without a pass from the general manager, must be read in connection with the rules relating to the powers of the yard master. When thus construed, it is manifest that, within the limits of the yard, his general authority and right of supervision had not been curtailed. It further could have been found from the testimony of the engineer that for fifteen years at least it had been customary to furnish similar transportation for the convenience of yard employees. If this state of affairs prevailed, the jury could infer that to this extent the rule had been abrogated. *Sweetland* v. *Lynn & Boston Railroad*, 177 Mass. 574. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 98. It also is unnecessary to decide if the plaintiff had ceased to be a servant and had become a passenger, as he was lawfully passing over the premises of his employer in its conveyance, which at the time had the exclusive use of the railroad. A servant, entering upon his master's premises to begin the day's work or leaving them at its close, is not, during the time of his entrance or exit, while using the ways provided by the master, a licensee, but is there by the invitation of the master. The defendants accordingly owed to him the duty to refrain from acts of negligence which might cause personal injury while he was making his egress in the usual way. *Olsen* v. *Andrews*, 168 Mass. 261. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 102. *Holmes* v. *Drew*, 151 Mass. 578, 580.

In the uncertain light of the early morning, clouded with mist, a view of the track and of the signal at Washington Street were somewhat obscured from the cab where the plaintiff stood. While he knew that the switching engine frequently

used this track, he testified from previous observation that, before doing so, it had waited at the signal tower until the passenger engine went by. It further appears from his experience as a yard brakeman that he believed such engines when running through the yard "had the least rights of any train or locomotive." Under the circumstances, it was open to the jury to find that the plaintiff was not reasonably bound to anticipate that, without waiting as usual for the passing of the regular engine which then was due, the switching engine would attempt to use the track. If it be said that he assumed the risk attendant upon the time and mode of transportation, the assumption included only those risks which either were obvious or known to him. It cannot be ruled as matter of law that the possibility of the attempted use of a single track at the same time with the engine on which he was riding and which had the right of way, by another locomotive approaching from an opposite direction, either was obvious or should have been anticipated. *Wagner* v. *Boston Elevated Railway*, 188 Mass. 437, 441. *Urquhart* v. *Smith & Anthony Co.* 192 Mass. 257.

The defendants further urge that the engineer was not only careless, but that his carelessness is to be imputed to the plaintiff. But it is enough to say, without further comment, as the jury could find that, in entering and remaining in the cab, the plaintiff acted with reasonable caution, so they could find that he possessed no knowledge which reasonably should have led him to anticipate negligence on the part of the engineer. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309. If, however, the impending collision was due in part to the engineer's fault, yet the impact of the engines followed so closely upon the discovery that it was unavoidable that it became an issue of fact whether the plaintiff, suddenly called on to face an emergency, could have taken any further steps for his safety. *Shultz* v. *Old Colony Street Railway, ubi supra.* Besides, if the engineer was believed, he had the absolute right to a clear track beyond the point where the accident happened, and, while taking every proper precaution, owing to the darkness he neither saw nor heard the switching engine, which displayed no light and gave no warning of its approach, until it was so near that the immediate application of the emergency brake failed to prevent the collision. If

he were found to have used reasonable diligence, the question of imputed negligence did not arise.

But, if the issues of the plaintiff's right of recovery and of his due care were for the jury, the defendants deny that there was any evidence of their negligence. It is to be inferred that the group of tracks within the yard was either owned or controlled by the various corporations described in the exceptions, but the arrangement whereby the New York Central and Hudson River Railroad Company maintained a signal tower from which the movements of all trains and locomotives were indicated and regulated, or the Boston and Maine Railroad was conditionally permitted to use the main line of the New York, New Haven, and Hartford Railroad Company, is not stated. If not fully conceded by the plaintiff, at least it must be assumed upon the record, that such use was authorized, and it was unquestioned that the signals from the tower were designed for the information and guidance of the employees of whichever company might be using the several tracks. The switching engine could not pass to the main line unless the signal was given and the switch set by the operator in the tower. If the engineer of this engine relied upon the signal as indicating that the track was clear to the south station, still, from the evidence of the witness Studley, the engineer of the passenger engine, it was apparent that he then knew, or in the exercise of reasonable care should have known, not only that the passenger engine had not made its trip to the union station, but was due to pass over the same track at any moment.

In brief, upon all the evidence, a jury would have been warranted in finding that, although, under the system, the usual signal had been given, the switching engine was being run on the time of another locomotive by the engineer who was willing to take the chance without any reasonable expectation of safely making the transit. See *Barry* v. *Boston Elevated Railway*, 194 Mass. 265. If its servant was careless while acting within the scope of his employment, the defendant Boston and Maine Railroad is answerable to the plaintiff for injuries caused by his negligence.

There also was evidence of the negligence of the remaining defendant. The night operator who was in charge of the tower

at the time of the accident did not testify.   But, from the evidence of the day operator, it appears that time tables of all trains, with the contents of which, as well as with the movements of the trains, the operator must be familiar in order properly to display the signals and operate the switches, were kept in the tower.   It further was shown that, the switchman's shanty at the grade crossing near the south station having been connected by telephone, the operators on several occasions, being in doubt as to the coming of the passenger engine, had telephoned to ascertain if it were on its way before the switching engine was allowed to use the track.   It also was uncontroverted that the switching engine, whose movements were subordinate to regular trains, ran only at intervals when in the judgment of the men at the tower the main track was free.   If these facts were found, then the operator on duty, who was the defendant's servant, with knowledge that the passenger engine had not passed but momentarily might be expected, without taking the precaution to make any inquiry by telephone, gave the required signal and opened the switch, thus permitting the switching engine to enter upon the main line, when in the exercise of ordinary care he ought to have known that there was every reason to anticipate that the collision which followed might occur.   *Doe* v. *Boston & Worcester Street Railway*, 195 Mass. 168.

In avoidance of this liability the defendant New York Central and Hudson River Railroad Company urges that two or more wrongdoers cannot be held jointly, unless, either in fact or by intendment of law, they co-operate in the perpetration of the wrong, as otherwise there would be a misjoinder of separate causes of action.   Undoubtedly this is the general rule where two or more persons voluntarily unite in the act which constitutes the wrong, or the act is committed under such circumstances that they reasonably may be charged with intending the injurious consequences which follow.   We refer only to a few illustrative cases.   *Brown* v. *Perkins*, 1 Allen, 89.   *Stone* v. *Dickinson*, 5 Allen, 29.   *Barden* v. *Felch*, 109 Mass. 154.   *Levi* v. *Brooks*, 121 Mass. 501.   *Bath* v. *Metcalf*, 145 Mass. 274, 276. *Martin* v. *Golden*, 180 Mass. 549.   *Parsons* v. *Winchell*, 5 Cush. 592.   *Hawkesworth* v. *Thompson*, 98 Mass. 77.   *Banfield* v. *Whipple*, 10 Allen, 27.   *Mulchey* v. *Methodist Religious Society*,

125 Mass. 487, 489.   *White* v. *Sawyer*, 16 Gray, 586, 589.  *Pervear* v. *Kimball*, 8 Allen, 199, 200.   *Swain* v. *Tennessee Copper Co.* 111 Tenn. 430.   *Hill* v. *Goodchild*, 5 Burr. 2790.   It has been said by an eminent legal author that " in respect to negligent injuries, there is considerable difference of opinion as to what constitutes joint liability.   No comprehensive general rule can be formulated which will harmonize all the authorities." 1 Cooley on Torts, (3d ed.) 246.   See Pollock on Torts, (7th ed.) 194.   But whatever diversity of opinion there may be elsewhere, the law here must be considered as settled, that if two or more wrongdoers negligently contribute to the personal injury of another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable, they are jointly and severally liable.   *Boston & Albany Railroad* v. *Shanly*, 107 Mass. 568, 579.   *Bryant* v. *Bigelow Carpet Co.* 131 Mass. 491, 503.   *Corey* v. *Havener*, 182 Mass. 250.   *Oulighan* v. *Butler*, 189 Mass. 287, 293.   *Flynn* v. *Butler*, 189 Mass. 377. A corresponding liability under similar conditions has been sustained in other jurisdictions.   *Colegrove* v. *New York, New Haven, & Hartford Railroad*, 20 N. Y. 492.   *Barrett* v. *Third Avenue Railroad*, 45 N. Y. 628, 631.   *Lynch* v. *Elektron Manuf. Co.* 94 App. Div. (N. Y.) 408.   *Tompkins* v. *Clay Street Railroad*, 66 Cal. 163.   *Cuddy* v. *Horn*, 46 Mich. 596.   *Matthews* v. *Delaware, Lackawana & Western Railroad*, 27 Vroom, 34.   *Electric Railway* v. *Shelton*, 89 Tenn. 423.   *Wilder* v. *Stanley*, 65 Vt. 145.   *McClellan* v. *St. Paul, Minneapolis & Manitoba Railway*, 58 Minn. 104.   *Allison* v. *Hobbs*, 96 Maine, 26, 28, 29.   *Wabash, St. Louis & Pacific Railway* v. *Shacklet*, 105 Ill. 364.   *Graves* v. *City & Suburban Telegraph Association*, 132 Fed. Rep. 387.   The cases of *Parsons* v. *Winchell*, 5 Cush. 592, *Mulchey* v. *Methodist Religious Society*, 125 Mass. 487, *Harriott* v. *Plimpton*, 166 Mass. 585, *Mooney* v. *Edison Electric Illuminating Co.* 185 Mass. 547, and *Fletcher* v. *Boston & Maine Railroad*, 187 Mass. 463, upon which the defendant relies as establishing a different rule, are to be distinguished.   The first two decided that a master cannot be held responsible jointly with his servant nor a principal with his agent, for a tort committed by the servant or agent, when acting within the scope of their employment.   In the third case, the joint action failed because

no proof appeared of any co-operation between the defendants to procure a breach of the plaintiff's contract of marriage, while in the fourth, the measure of damages as well as the degree of liability being different and distinct as to the different defendants, the liability was said to be several. If, in the remaining case, it could have been said that the accident was chargeable solely to the railroad company, upon whom primarily rested the contractual duty of safely transporting the plaintiff and whose breach of this duty was the proximate cause of the injury, yet the decision in favor of the defendants well might rest, as the opinion states, upon his contributory negligence. In the present case the wrongful act was unintentional and arose solely from the concurrent negligence of the defendants, and, while it cannot be said that there was any concerted action, yet their combined carelessness in the simultaneous performance of unconnected duties produced a single injury to the plaintiff. It thus becomes impossible to ascertain whether one defendant rather than the other was the efficient cause of the wrong to which each contributed.

The plaintiff, therefore, is entitled to prosecute his suit to final judgment against both defendants, although he can have but one satisfaction in damages. *Oulighan* v. *Butler*, 189 Mass. 287, 293, and cases cited.

The verdict in their favor having been improperly directed, in accordance with the agreement of the parties judgment is to be entered for the plaintiff in the sum of $600.

*So ordered.*