(139 App. Div. 632.)

BROWN v. THOMPSON–STARRETT CO. et al.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

1. PLEADING (§ 52*)—COMPLAINT—SEPARATE STATEMENT AND NUMBERING OF CAUSES OF ACTION.

Plaintiff sued a contractor, the owner of the building, and a corporation, and alleged that the corporation owned or controlled all or a majority of the stock in the company owning the building; that at the time of the accident in which he was injured the building was under the management of defendants, or some of them; that plaintiff was in the employ of defendants, or some of them; that the duties he was performing at the time of the accident were such as he had been directed to perform by defendants, or some of them; and that defendants, or some of them, were guilty of negligence in permitting the accident to occur which resulted in his injury. Held, that the complaint attempts to set up three distinct causes of action against three separate defendants, which should be separately stated and numbered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

2. PLEADING (§ 367*)—MAKING DEFINITE AND CERTAIN—NECESSITY OF ORDER.

Where the defect in a complaint consists in a failure to separately state and number several causes of action, and the court, on objection, makes an order requiring separate statement and numbering, it is not necessary to make a further order requiring that the complaint be made more definite and certain.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1173–1193; Dec. Dig. § 367.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by George E. Brown against the Thompson-Starrett Company and others. From an order requiring plaintiff to separately state and number his causes of action, he appeals. Reversed in part.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Edwin P. Kilroe, for appellant.

Franklin M. Clark, for respondents.

SCOTT, J. The plaintiff appeals from an order requiring him to separately state and number his causes of action, and to make his complaint more definite and certain.

The plaintiff was an assistant engineer in a large office building known as "No. 2 Rector Street." He was working in the elevator pit, inspecting machinery and performing other duties, when a heavy piece of iron or trench plate fell upon him, producing severe injuries. The defendant Thompson-Starrett Company was engaged at the time in doing certain work upon the premises. The plaintiff now sues: (1) The Thompson-Starrett Company, the contractors; (2) the United States Express Realty Company, which, as he alleges, owned and controlled the building; and (3) the United States Express Company, which, as he alleges, owned or controlled all, or a majority, of the stock of the United States Express Realty Company. He alleges that at the time the accident happened the building was under the management, operation, or control of the defendants, or some of them; that he, the plaintiff, was in the employ of the defendants, or some of them; that the duties he was performing at the time of the accident were such as he had been directed to do by the defendants, or some of them; and that the defendants, or some of them, were guilty of negligence in permitting the iron plate to fall.

It is apparent that the plaintiff does not charge concurrent negligence upon the defendants. All that he alleges is that some one of the defendants was negligent, although he does not specify which one. His evident expectation is to find out on the trial which defendant had been negligent, taking a judgment against that one, and suffering a nonsuit as to the others. If the complaint states a cause of action against any one (and we do not say it does), it certainly attempts to set up three distinct causes of action against three separate defendants. The plaintiff's error in attempting to sustain this form of complaint arises from the fact that he seems to consider that the happening of the accident constitutes the gravamen of his cause of action. In this he is mistaken. The gravamen lies in the negligence which led to the accident, and to state a good cause of action the negligence must be attributed to the particular defendant said to have been guilty thereof.

It is unnecessary to couple with an order to separately state and number causes of action a direction that the complaint be made more definite and certain. The separation of the causes will involve the service of an amended complaint, and the uncertainties and indefiniteness of the present complaint may not appear in the amended complaint. If they do, a new motion can be made.

The order appealed from is therefore reversed, except in so far as it directs the causes of action to be separately stated and numbered, with $10 costs and disbursements to the respondents. All concur.