CROSBY v. OTIS ELEVATOR CO. et al.

(Supreme Court, Appellate Division, First Department. December 9, 1910.)

PLEADING (§ 52*)—ACTION FOR INJURIES—TWO CAUSES OF ACTION—FORM OF
COMPLAINT.

The negligence of an employer and a contractor working on its building
constituted an employé's action for injuries from the contractor's serv-
ants causing a piece of iron to fall on him, and not the injury itself, so
that, where the negligence mentioned was not concurrent, the employé
had two causes of action, requiring his complaint in his action for the
injury to separately state and number each cause of action against the
respective defendants.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig.
§ 52.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action for injuries by Michael Crosby against the Otis Elevator
Company, impleaded with Charles A. Cowen & Co. From an order
denying a motion to compel plaintiff to separately state and number the
causes of action in his complaint, defendant Otis Elevator Company
appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT,
LAUGHLIN, and DOWLING, JJ.

Franklin M. Clark, for appellant.

DOWLING, J. The complaint herein sets forth two causes of ac-
tion, although pleaded as one. One cause of action is stated against
the defendants Charles A. Cowen & Co., the employers of plaintiff,
who were the contractors for the brickwork of a certain building in
the city of New York, and who are alleged to have failed in their duty
to provide the plaintiff with a good, safe, and secure place wherein
to perform his work for such defendant, and with a good, safe, and
secure covering over such place, by reason of which failure of duty
on the part of that defendant a certain heavy piece of iron in the
course of its descent struck plaintiff and inflicted upon him serious
injuries. This cause of action is brought specifically under the employ-
er's liability act; a notice given thereunder to such defendant being
annexed to the complaint. A second cause of action is stated against
the defendant Otis Elevator Company, which was the contractor for
installing elevators in the same premises, and against which it is alleged
that it, "its agents and servants, negligently, carelessly, and recklessly
threw or permitted a heavy piece of iron to fall from and over the
floor of said building above the place where plaintiff was working,
down said elevator shaft," whereby plaintiff was injured.

The allegations concerning the defendants Charles A. Cowen & Co.
are contained in the paragraphs of the complaint numbered "First,"
"Third," "Fifth," "Seventh," "Eighth," "Ninth," "Tenth," and "Elev-
enth." None of these contains any mention of, or reference to, the
defendant Otis Elevator Company. The allegations concerning the

defendant Otis Elevator Company are contained in the paragraphs of the complaint numbered "Second," "Fourth," "Sixth," "Twelfth," and "Thirteenth." None of these contains any mention of, or reference to, the defendants Charles A. Cowen & Co. Nowhere is it alleged that there were concurring acts of negligence on the part of defendants. The acts of negligence complained of are separate and distinct, and constitute two causes of action, which should be separately stated and numbered. Hamnstrown, as Administrator, etc., v. New York Contracting Co. et al., 122 App. Div. 43, 106 N. Y. Supp. 880. As was said in Brown v. Thompson-Starrett Co. et al., 139 App. Div. 632, 124 N. Y. Supp. 396:

> "The plaintiff's error in attempting to sustain this form of complaint arises from the fact that he seems to consider that the happening of the accident constitutes the gravamen of his cause of action. In this he is mistaken. The gravamen lies in the negligence which led to the accident, and to state a good cause of action the negligence must be attributed to the particular defendant said to have been guilty thereof."

Where that is done, and it not only is not alleged that there were concurrent acts of negligence, but the absence of such acts affirmatively appears, and only independent acts of negligence are charged, then separate causes of action are set forth.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion to require the plaintiff to separately state and number the facts constituting each cause of action against the several defendants must be granted, with $10 costs.

INGRAHAM, P. J., and McLAUGHLIN and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). It is manifest that there is no propriety in requiring the plaintiff to state separately the facts constituting his cause of action against each of the defendants on their several liability, unless the circumstances be such that the defendants cannot be joined in a single action as joint tort-feasors. The books are full of authorities in which actions have been sustained against two or more defendants as wrongdoers jointly liable, where their separate acts of negligence contributed to the injury of the plaintiff, although the parties defendant had no connection with one another, and the injuries would have resulted from the negligence of one of them without the concurrent negligence of the other.

The plaintiff alleges that he was in the employ of the defendants Charles A. Cowen & Co., who had the contract for the construction of the brickwork on a building which was being erected on the southwest corner of Seventeenth street and Broadway, in the borough of Manhattan, New York, and that the defendant Otis Elevator Company had a contract for the installation of the elevators in the same building; that it was the duty of his employers to furnish him a safe place for the performance of his duties and to place proper and sufficient covering over him to protect him from falling material while he was at work, and that they failed to perform this duty; that it was the duty of the other defendant to so conduct its work as not to allow material

to fall and injure him, who was lawfully employed on the building; that through the negligence of the Otis Elevator Company, its servants, agents, and employés, a heavy piece of iron was permitted to fall, and, there being no covering to protect him therefrom, it struck and injured the plaintiff. He brings the action to recover the damages sustained thereby, and he seeks to hold the defendants as joint tortfeasors for their several acts of negligence which concurred in the infliction of the injuries upon him.

I think it is well settled by a long line of decisions in the Court of Appeals that such an action may be maintained against the wrongdoers jointly, notwithstanding the fact that the plaintiff might have sued the defendants separately, and in such cases a settlement with one discharges the others, and a satisfaction against one, whether the action be brought severally or jointly, discharges the liability of the others, and that when he elects to join them it becomes a single cause of action for the damages sustained by the concurrent negligence of all of the defendants. Colegrove v. N. Y. & N. H. R. R. Co., 20 N. Y. 492, 75 Am. Dec. 418; Barrett v. Third Avenue R. R. Co., 45 N. Y. 628, at page 635; Arctic Fire Ins. Co. v. Austin, 69 N. Y. 470, 25 Am. Rep. 221; Slater et al. v. Mersereau, 64 N. Y. 138; Leeds v. N. Y. Telephone Co., 178 N. Y. 123, 70 N. E. 219, opinion of Vann, J., and cases cited.

This question is not affected by the fact that there are allegations in the complaint on which plaintiff may claim that his cause of action against one of the defendants is based on the employer's liability act; for it matters not whether the violation of duty which renders the defendant liable be a violation of a common-law or a statutory duty.

I am of opinion that but a single cause of action is stated, and that the plaintiff cannot properly be required to divide it up into two several causes of action against the respective defendants, and I therefore dissent.