### MARY F. MURPHY *vs.* JOHN M. DUGGAN.

### SAME *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 6, 1912. — April 1, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* Street railway, In use of highway. *Practice, Civil,* Ordering verdict.

At the trial together of two actions of tort, one against the keeper of a livery stable and the other against a street railway company, for personal injuries received by the plaintiff, while being driven in a cab of one defendant, because of a collision between the cab and a street car of the other defendant, where the plaintiff's due care was not in controversy and the driver of the cab and the motorman of the car, called as witnesses by the plaintiff, each gave testimony on which it could have been found that the collision was caused by negligence of the other, and there was no other evidence as to the cause of the collision, it was *held,* that the questions, whether negligence of either or of both of the defendants caused the injury, should be submitted to the jury.

TWO ACTIONS OF TORT for personal injuries received by the plaintiff when a cab, in which she was a passenger and which was owned by the defendant in the first case and was driven by his employee, came into collision with a street car of the defendant

in the second action. Writs dated respectively December 1, 1909, and March 11, 1910.

In the Superior Court the cases were tried together before *Wait*, J. The plaintiff testified in her own behalf and called as witnesses the driver of the cab and the motorman of the street car. The substance of their testimony is stated in the opinion. There was no other evidence as to the cause of the accident. At the close of the evidence the judge ordered verdicts for the defendants; and the plaintiff alleged exceptions.

*F. M. J. Sheenan,* for the plaintiff.

*J. E. Hannigan,* for the Boston Elevated Railway Company.

DeCourcy, J. The plaintiff called as witnesses the driver of the cab and the motorman of the car; and each attempted to place upon the other the responsibility for the collision. Upon the motorman's testimony the jury could find that the cab driver, who had been going along the right side of Washington Street, suddenly turned and drove straight across the street railway tracks in front of an approaching electric car that was only eight feet away. This entitled the plaintiff to go to the jury in her action against the defendant Duggan.

The cab driver testified that he looked back before driving upon the track and saw the car about three hundred feet distant; and that the car was fifteen feet away when the front wheels of the cab were crossing the farther rail. The motorman said he could and did bring his car to a stop in from five to eight feet, by reversing the power. This evidence made the question of the railway company's negligence one of fact.

It was the function of the jury to decide upon the truth of this conflicting testimony and to determine whether the collision was due to the negligence of the motorman, or of the cab driver, or of both.

The plaintiff's due care was not in controversy. She was entitled to go to the jury against both defendants on the claim that their negligent acts, operating concurrently, contributed to her injury. *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575. In each case the entry must be

*Exceptions sustained.*