FRANK R. CASTANHA *v.* THOMAS J. FITZPATRICK
AND FRANK MUSCOTO.

No. 1249.

RESERVED QUESTION FROM CIRCUIT COURT FIRST CIRCUIT.
HON. J. T. DEBOLT, JUDGE.

SUBMITTED MAY 25, 1920.                DECIDED JUNE 3, 1920.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE FRANKLIN
IN PLACE OF EDINGS, J., ABSENT.

NEGLIGENCE—*concurrent negligence—joint liability.*

> If two or more wrongdoers negligently contribute to the personal injury of another by their several acts which operate concurrently so that in effect the damages suffered are rendered inseparable they are jointly and severally liable and may be joined in one action.

OPINION OF THE COURT BY KEMP, J.

The automobile of the defendant Fitzpatrick collided with the automobile of the defendant Muscoto at the intersection of King and Aala streets in Honolulu. The plaintiff, a passenger for hire in the automobile of the latter, was injured in the collision and sues the owners of the two automobiles jointly for his damages occasioned by said injury. The complaint charged negligence on the part of both drivers and sets out in detail the acts and omissions of each which it is claimed constituted negligence on his part. Briefly stated the negligence charged against the defendant Muscoto is that he disregarded the duty he owed plaintiff as a passenger for hire to carry him safely, and negligently, carelessly and recklessly drove said automobile along King street at said intersection with Aala street and usurped the right of way along King street at said intersection although another auto-

mobile owned by the defendant Fitzpatrick was approaching said intersection from the right down Aala street in a westerly direction towards King street and then and there had the right of way on such intersection over the automobile of the defendant Muscoto and the defendant Muscoto knew, or by the exercise of due care could have known, that to usurp the right of way at said intersection would, should the automobile of the said Fitzpatrick continue on its way westerly down Aala street and exercise its right of way at said intersection, inevitably result in a collision between the two said automobiles; that the defendant Muscoto owed plaintiff the duty of stopping his automobile or of taking such other means as might be necessary to avoid a collision but said defendant failed to exercise the due care which he owed the plaintiff and negligently, carelessly and recklessly failed to stop or to take such other means as might be necessary to avoid a collision with the other defendant's automobile. Briefly stated the negligence charged to the defendant Fitzpatrick is that as he drove along said Aala street and approached said intersection of Aala and King streets he saw, or by the exercise of due care and caution, could have seen, that the said Muscoto was driving his automobile along said King street and across said intersection with Aala street and was usurping said right of way as aforesaid and knew, or by the exercise of due care and caution could have known, that he by stopping his said automobile or taking other suitable and proper action could have averted a collision with the defendant Muscoto's automobile but that he then and there disregarded the duty which he owed the owner of said other automobile and the occupants thereof to exercise due care and caution and negligently, carelessly and recklessly failed to stop his automobile or to take such other means as might be necessary to avoid a collision with Muscoto's

automobile and continued driving the same westerly down Aala street and against Muscoto's automobile; and said Muscoto's automobile and said Fitzpatrick's automobile then and there and by reason of and under the circumstances as alleged collided on King street at said intersection, the front end of Fitzpatrick's automobile striking Muscoto's automobile on the latter's right hand side immediately to the rear of the front right fender, and said Fitzpatrick's automobile while so in collision with Muscoto's automobile, although plaintiff was without fault and not guilty of any negligence on his part, struck the plaintiff in and about his legs lacerating one and injuring the same and fracturing the tibia and fibula of plaintiff's left leg. It is alleged that the action of the defendant Muscoto and the defendant Fitzpatrick and of each of them was negligent, careless, reckless and in violation of the duty which each and both of them owed to plaintiff and the aforesaid injury to plaintiff was caused by and resulted from the aforesaid recklessness, negligence, wrongdoing and want of reasonable care on the part of said defendants and each and both of them and without any fault of the plaintiff. It is not alleged that there was any concert of action or breach of any joint duty on the part of the defendants. The allegations of the complaint negative any such idea.

The defendants each interposed a demurrer to the complaint stating three grounds, namely, (1) insufficiency of facts to constitute a cause of action, (2) uncertainty, indefiniteness and inconsistency in the allegations and (3) misjoinder of parties defendant.

After argument on the demurrers the circuit judge being in doubt as to the merits of said demurrers reserved to this court the question, "Should the demurrer be sustained on the grounds submitted?" The parties have devoted very little attention to the first two grounds of

demurrer and we are unable to see any merit in either of them. The third ground, however, has been elaborately briefed by both parties and will now be considered.

The rule contended for by defendants is that where there is no joint duty or concert of action between two or more negligent persons they cannot be joined as defendants. (29 Cyc. 565.) In the same paragraph in Cyc. where the above rule is announced it is said that where the injury is the result of the concurring negligence of two or more parties they may be sued jointly or severally and that all may be sued jointly notwithstanding different degrees of care may be owed by the different defendants. It is within this principle that the plaintiff claims this case falls.

Defendants do not claim that there is no precedent for plaintiff's contention but say that the doctrine had its origin in a piece of judicial legislation in an ill considered case in New York (*Colgrove* v. *Ry. Co.,* 20 N. Y. 492) which has since been discredited and practically overruled in *Mooney* v. *Ry. Co.,* 5 Rob. (N. Y.) 548, and *Brown* v. *Ry. Co.,* 32 N. Y. 597. These cases do practically overrule the *Colgrove* case but they were decided in 1865 and 1868 and we find the courts of New York as late as 1902 again holding that where a passenger on a street-car was killed in a collision between the street-car and a brewery wagon caused by the concurrent negligence of both a joint action can be maintained against both, notwithstanding the different degree of care owed deceased by the two defendants. (*Sternfels* v. *Metropolitan Street Ry. Co.,* 77 N. Y. S. 309, affirmed without opinion 174 N. Y. 512.) This is the doctrine of the *Colgrove* case, so regardless of the discredit cast upon that doctrine by the opinions in the *Mooney* and *Brown* cases it is apparently still regarded as the law of New York.

In California the rule contended for by plaintiff is

recognized by the adjudicated cases. In *Spear* v. *United Railroads*, 16 Cal. App. 637, which was a suit for damages for personal injuries against the railroad company and Wells, Fargo & Company, a car of the defendant railroad company collided with a wagon of the defendant express company frightening the horses drawing the express wagon which crashed into a wagon being driven along the street by the plaintiff thereby injuring him. The railroad company and the express company were sued jointly. Separate but concurrent acts of negligence were charged against the two defendants, which were found by the jury on special issues submitted. In discussing the law applicable to such a case the court on pages 660-661 said: "These acts of negligence may be said to have been concurrent and simultaneous in point of time although neither of those acts standing alone would have occasioned the result. If the wagon of the express company had not been driven upon the railroad tracks it would not have been struck and the plaintiff would not have been injured. If the motorman on the car had not been negligent the collision would not have ensued and the plaintiff would not have been injured. It was the combination of the negligent acts of the two defendants that occasioned the result, and therefore inquiry is immaterial into the precise degree or extent of the negligence of each of the parties defendant; or, the relation in point of time of such acts of negligence; or whether they were concurrent or successive, independent or joint, or whether one proximately contributed to the result more than the other." The question of joinder of parties defendant does not appear to have been raised in the foregoing case, but in *Tompkins* v. *Clay Street Ry. Co.*, 66 Cal. 163, the question was involved and decided in accord with the plaintiff's contention. A car of the Clay street company collided with a car of the Sutter Street R. R. Co.

Plaintiff, a passenger on the latter, was injured. The complaint charged neglect on the part of both companies. Plaintiff sued the two companies jointly and recovered damages of the Clay street company, which appealed. In the course of its opinion the court said: "In Pennsylvania it seems to have been held that when a passenger on a carrier vehicle is injured by a collision resulting from the mutual negligence of those in charge of it and another party, the carrier alone must answer for the injury. (*Lockhart* v. *Lichtenthaler*, 10 Wright, 151; *Phila. and R. Railroad Company* v. *Boyer*, 97 Pa. St. 100.) But the weight of authority is otherwise, and is to the effect that, if the negligence of the managers of both vehicles contributes to the injury, the party injured may recover from the proprietors of either or both. (Wharton, Law of Negligence, 395, and cases cited.) Where both are sued, the plaintiff may ordinarily dismiss as to either; and, if it turn out at the trial that one was not guilty of negligence, he may, on sufficient evidence, take a verdict against the other." (See also *Doeg* v. *Cook*, 126 Cal. 213, 218, and *Forsythe* v. *Los Angeles Ry. Co.*, 149 Cal. 569.) From the adjudicated cases it is clear that the rule contended for by plaintiff is recognized as the correct one by the California courts.

Defendant has cited *Sellick* v. *Hall*, 47 Conn. 260, 274, for the proposition that it is not enough to make torts joint that the acts constituting them stand even in immediate juxtaposition, both in time and place. There must be a oneness of act. But in the later Connecticut case of *Tetreault* v. *Conn. Co.*, 81 Conn. 556, where a passenger on a street-car was injured by a collision between the car on which he was a passenger and the truck of the Smedley Company and sued both owners jointly a demurrer was interposed by the Smedley Company which challenged the sufficiency of the complaint because it

alleged that the car of the railway company was run at a dangerous rate of speed and negligently managed by the motorman; but it was held that this was an essential allegation in an action against two defendants in which it was alleged that the negligence of the servants of these parties jointly caused the plaintiff's injuries. This is virtually a recognition of the rule contended for by the plaintiff since if separate concurrent acts of negligence would not authorize a joinder of the two negligent parties the demurrer would have been sustained.

The defendant has cited *Valparaiso* v. *Moffitt,* 12 Ind. App. 250, 54 Am. St. Rep. 522, from the supreme court of Indiana. The facts of that case make it of very little value as authority in this case, but as indicating what the Indiana court would hold on the question here involved we quote the following from the opinion: "If there be no concert of action between the tort feasors, and their acts be separated as to place and time, but united in their consequences, the fact that it may be difficult to apportion the damages to each act or wrongdoer may be the plaintiff's misfortune, but it furnishes no good reason to make one wrongdoer liable for all the damages. But there is a class of cases in which the defendants are jointly and severally liable, although they are several and not joint tort feasors. As where there is no concert of action or unity of purpose, but the acts are concurrent as to place and time and unite in setting in operation a single destructive and dangerous force which produced the injury: *South Bend Mfg. Co.* v. *Liphart,* 12 Ind. App. 185; *Slater* v. *Mersereau,* 64 N. Y. 138."

In Massachusetts it is well settled that if two or more wrongdoers negligently contribute to the personal injury of another by their several acts which operate concurrently so that in effect the damages suffered are rendered inseparable they are jointly and severally liable

and may be joined as defendants in one action.  In the case of *Feneff* v. *Boston & Me. Ry. et al.,* 196 Mass. 575, it was urged by the defendant *N. Y. Cent. & H. R. R. R. Co.* that two or more wrongdoers cannot be held jointly unless either in fact or by intendment of law they cooperate in the perpetration of the wrong.  In discussing this contention of the defendant the court said:  "It has been said by an eminent legal author that 'in respect to negligent injuries there is considerable difference of opinion as to what constitutes a joint liability.  No comprehensive general rule can be formulated which will harmonize all the authorities.'  1 Cooley on Torts, 3d ed. 246.  See Pollock on Torts (7th ed.) 194.  But whatever diversity of opinion there may be elsewhere the law here must be considered as settled that if two or more wrongdoers negligently contribute to the personal injury of another by their several acts which operate concurrently so that in effect the damages suffered are rendered inseparable they are jointly and severally liable."  In that case the defendant relied upon *Fletcher* v. *Boston & Me. Ry Co.,* 187 Mass. 463, which is also relied upon by the defendant in this case, but from the opinion in the *Feneff* case it is clear that if the opinion in the *Fletcher* case could not have been upheld upon the ground of contributory negligence of the plaintiff the same would have been overruled.  (For a valuable collection of authorities supporting the holding in the *Feneff* case see p. 581 of the opinion; *Lindenbaum* v. *N. Y., N. H. & H. R. R.,* 197 Mass. 314; *Bryant* v. *Boston Elevated R. R.,* 212 Mass. 62.)

In *O'Malley* v. *Phila. R. T. Co.,* 248 Pa. St. 292, there was a collision between a wagon and a street-car as the result of which the wagon skidded over the sidewalk where the plaintiff was standing and injured him.  The owners of both vehicles were sued jointly.  We quote the

following from the opinion in that case: "The position taken by the transit company appears in the following point, which the trial judge refused to affirm: 'Inasmuch as the plaintiff has declared on a joint tort, and as the evidence discloses that the injury which he received was the result of two separate acts of two separate defendants, not acting in concert and without common intent, there has been an improper joinder of parties, and this action cannot be maintained in its present form.' The negligence of which the jury found the Philadelphia Rapid Transit Company guilty was the dangerous rate of speed at which its car was moving up Twentieth street; but this negligence in itself resulted in no injury to the plaintiff. The negligence of which H. A. McCleman & Brother were convicted was the failure of the driver of their wagon to observe proper care in driving across Twentieth street as the car was approaching it from the south; but this negligence of the driver, in itself, caused no injury to the plaintiff. What injured him was the collision, which was the direct result of the combined negligence of the two defendants, and, for the immediate consequences of what they jointly brought about they are, and ought to be, jointly accountable, even though the plaintiff might have sued them separately, joint wrongdoers being liable both jointly and severally."

We think that the reasons assigned for the holding in the Massachusetts and Pennsylvania cases above cited are sound and sufficiently answer defendant's contention that no sound reason can be given in support of a joinder of defendants in a case of this kind. If the concurrent negligence of both defendants contributed to the plaintiff's injury the fact that the damages suffered are inseparable is sufficient reason for holding them to be jointly and severally liable and therefore they may be joined in one action.

In the present case it is alleged in effect that the injury to the plaintiff arose from the concurrent negligence of the defendants and while it is not alleged that there was any concert of action between them it is alleged that their combined negligence in the simultaneous performance of unconnected duties produced a single injury to the plaintiff. If these allegations are true, as must be assumed, it becomes impossible to ascertain whether one defendant rather than the other was the efficient cause of the injury to which each contributed. The plaintiff therefore is entitled to prosecute his suit to final judgment against both defendants although he can have but one satisfaction of damages.

It may be well to add that if at the trial it should turn out that one of the defendants was not guilty of negligence and the other was the judgment should be for the defendant not guilty of negligence and against the other.

The reserved question is answered in the negative.

*Peters & Smith* for plaintiff.

*Robertson & Olson* for defendant Fitzpatrick.