BUELL *v.* HINES.

1. MASTER AND SERVANT — RAILROADS — INTERSTATE COMMERCE —
FEDERAL STATUTE—NEGLIGENCE—DEATH.

   One employed to help coal and water locomotives used in
   interstate commerce is engaged in interstate commerce,
   and, therefore, an action for his negligent death may be
   maintained against the director general of railroads under
   the Federal statute (35 U. S. Stat, p. 65).

2. SAME—EXISTENCE OF RELATIONSHIP.

   After deceased reached the railroad yards, and while
   traveling to the coal dock, where he was employed, in the
   usual way, the relation of master and servant existed.

3. SAME—MASTER NOT LIABLE FOR NEEDLESS RISK OF SERVANT.

   Where a servant voluntarily and of his own motion ex-
   poses himself to risks outside of the scope of his regular
   employment, without or against the order of the master
   or vice-principal, and is injured thereby, the master is
   not liable.

4. SAME—ASSUMPTION OF RISK.

   Where deceased, instead of traveling his usual safe route
   between the tracks, on his way from the yard to his work
   at the coal dock, stepped onto the foot board of a passing
   locomotive, thereby choosing an obviously dangerous posi-
   tion without the knowledge of the master, he assumed the
   attendant risk, and the master may not be held liable for
   his death as the result of a collision between the locomo-
   tive and a freight train.

Error to Genesee; Black (Edward D.), J. Sub-
mitted January 18, 1922. (Docket No. 99.) Decided
June 5, 1922.

Case by Oliver Buell, administrator of the estate of
Ernest Vun Cannon, deceased, against Walker D.
Hines, director general of railroads, operating the
Pere Marquette Railway Company, for the alleged

On constitutionality, application and effect of the Federal em-
ployers' liability act, see notes in 47 L. R. A. (N. S.) 38; 48
L. R. A. (N. S.) 987; L. R. A. 1915C, 47.

negligent killing of plaintiff's intestate.   Judgment for
defendant on a directed verdict.   Plaintiff brings
error.   Affirmed.

*Parker & Wilber* and *B. F. Reed,* for appellant.

*Carton, Roberts & Stewart,* for appellee.

BIRD, J.   This suit, under the Federal act (35 U.
S. Stat. chap. 149, p. 65), was prosecuted by plaintiff
to recover damages against defendant for negligently
causing the death of his intestate.   The defendant had
verdict by direction of the court.   Defendant's coal
dock is situate north of the city of, Flint just outside
the city limits.   The deceased was employed at the
dock helping to coal and water locomotives.   He lived
south and west of the coal dock.   In going to his work
he would go north to the Pierson road, east on the
Pierson road to defendant's yards, and then north be-
tween the main and passing tracks to the coal dock.
This was his usual way of going to and from his work.
On the early morning of December 28, 1918, when he
reached the tracks, he did not go north the usual way
between the tracks, but he stepped onto the foot board
of a locomotive intending to ride to the dock.   This
locomotive was coupled to others, one in front and one
behind.   They were going to the dock to be coaled.
Just previous to this a freight train had been cut and
the front part had pulled up to the north beyond the
coal dock for some purpose.   This was unknown to
the locomotive hostler and he pulled into the gap
with these three locomotives.   He had not gone far
when he collided with the head end of the freight
which was moving back to get the rear end.   The
effect of this collision was to drive the tender of the
front engine back on the pilot and foot board where
the deceased was standing.   In consequence of this

the deceased suffered injuries from which he soon after died. The negligence complained of was the backing of the freight train without any lookout on the rear end of it. The morning in question was cold and foggy and objects were not easily seen.

1. It is contended by defendant that the action cannot be maintained because the deceased was not engaged in interstate commerce. It appears from the testimony that a large percentage of the freight which was carried through defendant's yard was interstate freight. That the deceased assisted in furnishing the locomotives with coal and water and it was further shown or understood that the Pere Marquette Railway was an interstate railway. The facts in the case of *Horton* v. *Navigation Co.,* 72 Wash. 503 (130 Pac. 897, 47 L. R. A. [N. S.] 8), were very similar to those in the present case. It was there held that the deceased was engaged in moving interstate traffic. In that case the very pertinent question was asked, what effect it would have had upon interstate commerce if no one had been employed to take the deceased's place in coaling and watering the locomotives. The same conclusions have been reached in other similar cases. *Erie R. Co.* v. *Collins,* 170 C. C. A. 240, 259 Fed. 172; *Erie R. Co.* v. *Szary,* 170 C. C. A. 246, 259 Fed. 178; *Guy* v. *Railroad Co.,* 198 Mich. 140.

2. We are likewise impressed that the relation of master and servant existed after the deceased reached the railway yards and while he was traveling north to the coal dock in the usual way between the tracks while he was going to and leaving his work. *Feneff* v. *Railroad,* 196 Mass. 575 (82 N. E. 705); *Erie R. Co.* v. *Winfield,* 244 U. S. 170 (37 Sup. Ct. 556, Ann. Cas. 1918B, 662); *Ewig* v. *Railway Co.,* 167 Wis. 597 (167 N. W. 442, 169 N. W. 429); *Ewald* v. *Railway Co.,* 70 Wis. 420 (36 N. W. 12, 591, 5 Am. St. Rep.

178); *Boldt* v. *Railroad Co.*, 18 N. Y. 432; 1 Roberts Federal Liabilities of Carriers, p. 788.

It seems to us clear that while the deceased was using the 10-foot strip between the main and passing tracks to go and return from his work, the relation of master and servant existed, and had the deceased been injured while traveling this route, by reason of some hole or obstruction, which rendered the way unsafe, defendant would, undoubtedly, have been obliged to respond in damages, but that is not exactly the case we have to deal with. Instead of traveling the usual route after he reached the yards the deceased chose an obviously dangerous way to reach the docks, namely, between the two locomotives. He entered and occupied this dangerous place without the knowledge of his master, or any one of his co-servants. No other person knew until after the injury had taken place that the deceased was riding on the locomotive. As to this act we are persuaded that the defendant would owe him no greater duty to protect him from injury than it would any other licensee. When the deceased went outside the scope of his employment and assumed an obviously dangerous position without the knowledge of the master, he assumed the risks which were attendant thereon.

This rule is laid down, as follows:

"Where a servant voluntarily and of his own motion exposes himself to risks outside of the scope of his regular employment, without or against the order of the master or vice-principal, and is injured thereby, the master is not liable." 26 Cyc. p. 1224.

Ruling Case Law has this comment:

"In going to and from his place of work upon the premises owned or controlled by his employer, an employee is deemed, as a general rule, to be engaged in the employment, and the employer in providing him a safe way to pass and repass is bound to exercise the degree of care employed by the contract of service,

though, of course, *if the employee chooses to go by an unusual and unsafe way the rule is otherwise."*     18 R. C. L. p. 584.

This rule was applied in *Kennedy* v. *Chase,* 119 Cal. 637 (52 Pac. 33, 63 Am. St. Rep. 153).     This case quotes Thompson on Negligence, as follows:

" 'We have found no support for any rule,' says Mr. Thompson, in speaking of the rights of trespassers or mere licensees, 'which would protect those who go where they are not invited, but merely with express or tacit permission, from curiosity or motives of private convenience, in no way connected with the business or other relations with the occupant.'     1 Thompson on Negligence, p. 303."

The case of *Cleveland, etc., R. Co.* v. *Workman,* 66 Ohio St. 509 (64 N. E. 582, 90 Am. St. Rep. 602), is an interesting application of the rule.

This court has also applied the rule in *Kopf* v. *Monroe Stone Co.,* 133 Mich. 286.

We are unable to resist the conclusion that the trial court was right in directing a verdict for defendant on this ground.     When the deceased left the usual way of going and coming from his work and boarded this locomotive, he was, while on it, no more than a licensee, and by reason thereof he assumed the risks attendant thereon.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.