**UNIVERSAL UNDERWRITERS INSURANCE COMPANY**

v.

**FORD MOTOR COMPANY.**

Civ. A. No. 5743.

United States District Court
E. D. Tennessee, N. D.

Jan. 20, 1967.

Order Feb. 6, 1967.

Poore, Cox, Baker & McAuley, Knoxville, Tenn., for plaintiff.

Robert S. Young, H. H. McCampbell, Jr., Knoxville, Tenn., for defendant.

### ROBERT L. TAYLOR, Chief Judge.

Before the Court for consideration is the motion of Ford Motor Company made pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in its favor dismissing the complaint on the ground that there is no issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. The reason for its motion is that the jury in the State Court trial of Creed Ayres v. Braden Trucks, Inc., Ogle, Ford Motor Company, and Hull-Dobbs Company, found that Hull-Dobbs, plaintiff's insured, was guilty of primary negligence which precludes it from indemnity in the present case. Ayres was the injured party in the State Court trial and his judgment for $201,325.00 was against Hull-Dobbs and Braden Trucks, Inc. only, the jury having found for Ford Motor Company and Ogle, the driver of the truck involved in the accident.

The parties agree that the rights of Universal Underwriters Insurance Company are no greater than the rights of the Hull-Dobbs Company were it a party to the present suit. The insurance company stands in the shoes of its insured, Hull-Dobbs Company, in the present litigation.

In support of the motion for summary judgment there are filed Exhibits 1 through 11. These exhibits are from the State Court case and include the amended declaration, motion of Ford Motor Company for more definite statement, order on the motion, express plea of defendant Ford Motor Company, special pleas of the defendant Hull-Dobbs, instructions to the jury, judgment, motion of the defendant Hull-Dobbs for a new trial and other relief, opinion of Court of Appeals, petition of Hull-Dobbs for rehearing, and memorandum of Court of Appeals on petition to rehear.

It is the main contention of plaintiff in the present proceeding that the findings of the jury do not preclude it from proceeding in this separate action for indemnity against the Ford Motor Company. Plaintiff says that the State case involved negligence only, whereas this case seeks indemnity on the theory that the Ford Motor Company sold it the truck that was involved in the accident in the State suit in a defective condition particularly with respect to its brakes; that Ford impliedly contracted with it that the truck was fit for use as Ford knew that it would be sold to a member of the public and that that member would use the truck in the ordinary course of business and that it was not fit for such use, that it was in a defective condition because of the brakes.

The plaintiff says that the implied warranty theory upon which it bases its present case was not before the Court or the jury in the State trial.

Plaintiff is correct in this contention. This Court has examined the portion of the court record filed in the present proceeding and is satisfied that the implied warranty theory was not involved in the State Court proceeding.

In that connection, the Ford Motor Company does not contend that the implied warranty theory was involved in the State proceeding.

The rule is that if two or more parties are named as defendants in an action and such defendants are not adversaries in that proceeding, the one who is cast in the suit is not precluded from seeking indemnity or contribution from the co-defendant on theories that were not litigated in the original suit. The

styling of the parties in the original proceeding does not necessarily determine whether they are adversaries. The test is whether they make each other adversaries by raising issues among themselves. If they do they are bound by the findings of the jury or the Court, whichever is the finder of the facts. The parties are also bound by the conclusions of law with respect to the issues before the Court or such issues as could have been brought before the Court.

This rule was discussed in the case of Fidelity & Casualty Company v. Federal Express (November 10, 1938) (C. A. 6), and reported at 99 F.2d 681. The case was again before the Court on June 3, 1943. The opinion on the second appeal is reported in 136 F.2d 35.

This Court dealt with some of the issues in a case tried at Greeneville involving Clinchfield Railroad v. United States Fidelity & Guaranty Company, D.C., 160 F.Supp. 337, affirmed in 6 Cir., 263 F.2d 932.

None of the cases are decisive of the present case as their facts were somewhat different from the facts in the present case. A sharp issue is drawn between the parties in the present case on what the jury found in the State case.

Ford Motor Company says that the jury found that Hull-Dobbs, plaintiff's insured, was guilty of primary negligence which precludes it from recovering indemnity from Ford Motor Company or any other party. In support of this contention Frumer and Friedman Products Liability, 1966, Section 16.01[1]; Restatement of the Law of Restitution, Section 93(1); Products Liability, Commerce Clearing House, Section 3340 are cited. Also Cohen v. Noel, 165 Tenn. 600, 607, 56 S.W.2d 744.

Numerous other authorities are cited in the brief.

Suffice it to say that the rule appears to be that if the indemnitee is found guilty of primary negligence, he is precluded from recovering indemnity against the indemnitor.

Plaintiff contends that the Ford Motor Company's construction of the jury verdict is erroneous. Plaintiff says that the jury found in accordance with the charge of the Court that the brakes on the truck in question were defective when the truck was delivered to Hull-Dobbs in Knoxville, Tennessee, and that Hull-Dobbs was negligent in failing to discover that the brakes were defective and in failing to adequately repair them after the defect was discovered.

Plaintiff says that this is the classical case of secondary negligence or negligence of omission rather than commission and that Ford Motor Company was guilty of primary negligence in permitting the truck to go out of its factory with defective brakes and permitting it to go on sale to the general public with defective brakes.

In support of its contention with respect to Judge Cole's charge, the plaintiff has cited the following examples:

"It is further the plaintiff's theory that defendant Ford Motor Company was negligent in the manner in which it manufactured this truck in that the braking system had a defect and that the defendant Hull-Dobbs was negligent in that as the dealer for this car or truck and the person or company to whom it was taken for repairs on several occasions that they were guilty of negligence in failing to discover and remedy this defect, and it is the plaintiff's theory that all of these alleged acts of negligence on the part of all these defendants combined so as to cause, proximately cause this accident and the plaintiff's injury and therefore it is the plaintiff's theory that each of these defendants is liable to him in this case."

"Should you find that the truck in question had a defect as a result of Ford Motor Company's failure to exercise ordinary care in the manufacture of such truck, then Ford Motor Company was guilty of negligence. And if such negligence on the part of Ford was the proximate cause of this accident then the Ford Motor Company is

liable. Further should you find that a defect did exist in the truck and that the defendant Hull-Dobbs failed to exercise ordinary care to find and remedy such defect, then Hull-Dobbs was guilty of such negligence, and if such negligence on their part was the proximate cause of this accident then Hull-Dobbs is liable."

See Hammons v. Walker Hauling Co., 196 Tenn. 26, 263 S.W.2d 753.

The Court of Appeals in its opinion, speaking through Judge Schriver, said in substance that what caused the brake failure was anybody's guess. The overall charge of Judge Cole indicates that he submitted the case to the jury on the question of whether or not the Hull-Dobbs was negligent in failing to discover the defect in the brakes—if one existed—or in failing to repair such brakes after the defect was discovered if in fact it was discovered.

■ If the Court is correct in this interpretation of the State record and correct in its view that there is a difference in implied warranty and negligence (Frumer and Friedman Products Liability, Volume 2, Section 16.01[1]) and that the issue of implied warranty was not raised or considered in the State trial, it would seem that plaintiff, Universal Underwriters Insurance Company, would have a right to relitigate the case on the question of implied warranty.

Defendant's motion is therefore denied.

### ORDER

The Court has carefully examined defendant's supplemental memorandum in support of its motion for summary judgment and the reply thereto. The Court is convinced from such examination that it used the word indemnity loosely in its Memorandum Opinion Rendered from the Bench. As the Court construes the complaint, plaintiff seeks damages in the amount of $119,679.62 for defendant's alleged breach of implied warranty with respect to the truck that was sold by the defendant to plaintiff's insured, Hull-Dobbs, which was the motor vehicle involved in the state court proceeding. The parties agree that the issue of implied warranty was not litigated in the state court case, but only the issue of negligence.

There is a distinction between an action based on breach of implied warranty and an action sounding in tort. Hansen v. Firestone Tire and Rubber Company, 6 Cir., 276 F.2d 254, 257, 258; Berry v. American Cyanamid Co., 6 Cir., 341 F.2d 14.

The Court is still of the opinion that plaintiff has a right to litigate this case in this Court on the question of implied warranty.