**HOUSEBOATING CORPORATION OF AMERICA, Petitioner,**

v.

**James A. MARSHALL et al., Respondents.**

Supreme Court of Tennessee.

July 18, 1977.

Frank S. King, Jr., Nashville, Robert J. English, Knoxville, for petitioner.

McCord & Cockrill, P.C., Knoxville, for respondents.

OPINION

HARBISON, Justice.

This case involves a claim for indemnification by a distributor against the manufacturer of a houseboat. The distributor had sold the boat, after some alterations and additions, to a customer, but in prior litigation the customer was allowed rescission of the contract of purchase and a refund of the purchase price because of a defective condition in the vessel. It was established in that litigation that the defect occurred during the manufacturing process. Since the customer sought only rescission, however, and not damages, he was allowed recovery against the distributor alone and not the manufacturer, although the latter was a party to that litigation.

After being held liable in the prior case, the distributor, Lake Flite Plastics, paid the

judgment, representing the entire sale price to the original purchaser. It notified the manufacturer that it proposed to sell the boat at a price considerably below the original sale price, and called on the manufacturer to assume responsibility for the difference. When the manufacturer refused, the distributor did sell the boat at a reduced price and in the present action, by way of counterclaim, sought indemnification from the manufacturer for its loss.

Both the trial court and the Court of Appeals allowed the claim of the distributor, and this Court granted certiorari to give further consideration to the issue.

The present litigation was instituted by the manufacturer to recover its sale price to the distributor of a second and different houseboat. The distributor set up its claim arising out of the previous transaction, described above, by way of counterclaim. It sought indemnification, based upon its original demand after it had been held liable in its customer's suit. By amendment, it also claimed a right of recovery based upon numerous other theories, including breach of implied warranty, strict liability in tort, and tortious misrepresentation. In the present case the trial judge found that privity of contract existed between the manufacturer and the distributor, although in the prior litigation it had been established that there was no privity between the ultimate consumer and the manufacturer.

We are of the opinion that the distributor is entitled to be indemnified by the manufacturer for the defective condition of the vessel, which resulted from the permeation of the interior with a chemical that emitted irritating fumes. It is not questioned in the present litigation that this defective condition resulted from the original manufacturing process.

The usual basis for recovery by a retailer or dealer against the manufacturer of a product is a claim for indemnification, arising out of a contractual obligation or out of a claim of active-passive negligence. *See* Frumer & Friedman, Products Liability, §§ 44.02[3] et seq. (1976).

Principles of indemnification are well settled in Tennessee law. In the case of *Southern Coal & Coke Co. v. Beach Grove Mining Co.*, 53 Tenn.App. 108, 381 S.W.2d 299 (1963), a selling corporation was allowed indemnification against a producing corporation where the former had guaranteed and discharged obligations of the latter under certain federal statutes. In that case the Court said:

> "The right to indemnity rests upon the principle that everyone is responsible for the consequences of his own wrong, and if another person has been compelled to pay the damages which the wrongdoer should have paid, the latter becomes liable to the former." 53 Tenn.App. at 116, 381 S.W.2d at 302.

■ Contracts of indemnification may be express, or an obligation to indemnify may arise by implication from the relationship of the parties, as in the *Southern Coal & Coke* case, *supra*. *See Ryan Stevedoring Co. v. Pan Am. S.S. Co.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed.2d 133 (1956); *see also Mason-Dixon Lines v. General Electric Corp.*, 270 F.2d 780 (4th Cir. 1959), *cert. denied*, 361 U.S. 964, 80 S.Ct. 593, 4 L.Ed.2d 545 (1960), a case tried in Virginia but involving some aspects of Tennessee law.

We consider these to be the governing considerations in the present case, where a distributor has discharged an obligation which was primarily that of the manufacturer. There seems to be no question but that had the ultimate consumer proceeded on a broader theory in his original action, such as one of strict liability or breach of warranty, he might well have obtained a joint judgment against both the dealer and the manufacturer. In that event the dealer could have claimed exoneration from the manufacturer, since it was established that the defect in the product resulted from the manufacturing process.

■ In the original action, however, a joint judgment was not permitted because the customer had proceeded strictly upon a theory of rescission—a remedy available only between the immediate parties to a sale. Under those circumstances, the claim

of the distributor for indemnification against the manufacturer was not a compulsory counterclaim and, at most, would have amounted to a permissive cross-claim or a third-party claim. Since the indemnity claim was not compulsory in the former action, it can properly be set up as a counterclaim in the present suit between the manufacturer and the retailer. *Cf. Universal Underwriters Ins. Co. v. Ford Motor Co.*, 264 F.Supp. 757 (E.D.Tenn.1967) (retailer's suit against manufacturer maintainable on warranty theory, although manufacturer was exonerated in original negligence action by customer).

Although the counterclaim of the dealer, respondent here, might be sustainable upon some of the alternative theories asserted in its amended pleadings, in our opinion it can clearly be sustained as a claim for indemnity. The manufacturer had notice of the original action, being a party thereto, and also received a separate demand for indemnification after the dealer had been held liable.

Accordingly the judgment of the Court of Appeals is affirmed at the cost of petitioner.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.