John E. HOLT, Plaintiff,

v.

UTILITY TRAILERS MANUFACTUR-
ING COMPANY, Defendant and
Third-Party Plaintiff,

v.

ALLFAST, INC., Third-Party Defendant.

RECO TRANSPORTATION,
INC., Plaintiff,

v.

UTILITY TRAILERS MANUFACTUR-
ING COMPANY, Defendant and
Third-Party Plaintiff,

v.

ALLFAST, INC., Third-Party Defendant.

Nos. CIV–2–79–48, CIV–2–79–97.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Jan. 11, 1980.

On Judgment Notwithstanding the
Verdict April 17, 1980.

On Motion for New Trial May 13, 1980.

Thomas L. Kilday, Greeneville, Tenn., for plaintiffs.

Thomas C. McKee, Johnson City, Tenn., for defendants.

Thomas S. Scott, Jr., Knoxville, Tenn., for third-party defendant.

## MEMORANDUM AND ORDER

NEESE, District Judge.

■ The defendant (and also third-party plaintiff) and the third-party defendant, each, moved for a continuance of the consolidated trial of these actions, on the ground that unexpectedly a material expert witness Mr. Robert E. Herfert will not be able to testify due to illness.[1] Although the matter is not entirely free of doubt, the Court thinks that good cause has been shown. *See* Local Rule 7.

A crucial issue of fact herein, in both the original and third-party claims, is whether certain steel-rivets were defective. It is represented that Mr. Herfert would testify that, based upon his inspection and testing of one of the failed rivets, same were not defective. The plaintiffs contend, in opposing a continuance, that such testimony would merely be cumulative of the testimony of other witnesses.[2] Counsel for the movants represent, however, that Mr. Herfert's testimony will " * * * provide independent expertise in areas not touched upon by other independent witnesses, including the application of the failed rivet to the trailer in question * * *." It is further represented that there is not adequate time to duplicate the tests which Mr. Herfert performed and for any other witness to become familiar therewith. Both such counsel state their opinion that their respective clients will be prejudiced if forced to trial without the benefit of the testimony of Mr. Herfert.

The Court has no independent way to know what any witness herein will testify or whether any such testimony will be

---

1. The third-party defendant advances additional grounds in support of its motion; those lack merit. The parties have had ample time to take any depositions they might have desired and to have the same transcribed.

2. Counsel's attention is directed to Local Rule 16, limiting each party to not more than 3 expert witnesses.

cumulative.[3] Counsel for the movants should be expected to know better than anyone else what their own witnesses will say on the stand and the importance of Mr. Herfert to the fair presentation of their respective cases. The Court has no reason to doubt what these counsel have represented to it.

Each such motion hereby is GRANTED. XI(a) of the supplemental pretrial order herein of December 18, 1979 hereby is AMENDED so as to read:

> These actions hereby are assigned for trial with a jury to commence at 12:30 o'clock, p. m., Monday, March 24, 1980.

### ON JUDGMENT NOTWITHSTANDING THE VERDICT

The jury returned general verdicts in these consolidated actions in favor of the respective plaintiffs and against the defendant Utility Trailer Manufacturing Company (Utility) and awarded the plaintiff Mr. Holt damages of $50,000 and the plaintiff Reco Transportation, Inc. (Reco) damages of $30,000 on their claims that Utility was strictly liable in tort to them and had breached an implied warranty because of a defect in a highway-trailer which Utility manufactured and sold to Reco. The Court ordered the clerk not to enter judgments on such verdicts, Rule 58(1), Federal Rules of Civil Procedure, the Court having ordered earlier, as conducive to expedition and economy, a separate trial of the third-party claim herein, Rule 42(b), Federal Rules of Civil Procedure.

■ Such separate trial now having been concluded, the clerk will enter a judgment in no. CIV–2–79–48 on the general verdict of the jury that the plaintiff Mr. John B. Holt recover of the defendant Utility Trailer Manufacturing Company damages in the amount of fifty-thousand dollars ($50,000). Rule 79(a), Federal Rules of Civil Procedure. The clerk will enter also a judgment in no. CIV–2–79–97 on the general verdict of the jury in favor of the plaintiff Reco Transportation, Inc. and against the defendant Utility Trailer Manufacturing Company, Rule 79(a), *supra*; however, the award by the jury therein of damages in the amount of $30,000 is not supported by the evidence and must be vacated and set aside. *Cf. Toland v. Technicolor, Inc.*, C.A. 10th (1972), 467 F.2d 1045, 1046[2]. The Court hereby DIRECTS that judgment enter that such plaintiff recover of such defendant damages in the amount of twenty-five thousand, nine-hundred, seventy-five dollars ($25,975).

At the close of the evidence offered by the third-party plaintiff Utility and at the close of all the evidence on the third-party claim herein, the third-party defendant Allfast, Inc. moved for directed verdicts on the specific ground that the third-party plaintiff had neither stated nor offered evidence to support a claim on which relief can be granted herein, Rules 50(a), 12(b)(6), (h)(2), Federal Rules of Civil Procedure. The Court was theretofore, at those times, and remains now of the opinion that such motion was meritorious; however, in accordance with the preferred practice in this circuit, the cases were submitted to the jury subject to being set aside notwithstanding the verdicts if the jury returned verdicts for the third-party plaintiff. *Campbell v. Oliva*, C.A. 6th (1970), 424 F.2d 1244, 1251–1252. The jury returned verdicts that the third-party defendant Allfast, Inc. indemnify the third-party plaintiff Utility for the aggregate of $80,000 in damages which the jury had awarded against Utility to the original plaintiffs.

There is merit to the timely motion of the third-party defendant for judgments notwithstanding the verdict. Rule 50(b), Federal Rules of Civil Procedure; *see Johnson v. New York, New Haven & Hartford R. Co.* (1952), 344 U.S. 48, 50, 53, 73 S.Ct. 125, 126, 128, 97 L.Ed. 77, 81, 83 (headnotes 1,3).

The third-party plaintiff sought indemnity from the third-party defendant. Whether it has such a right of action in these diversity cases is governed by the law of Tennessee. *Stiles v. Porter Paint Co.*, D.C. Tenn. (1976), 75 F.R.D. 617, 619[6]. Where

---

**3.** Cumulative testimony will not be permitted. *See* Rule 403, Federal Rules of Evidence.

this Court is required to apply Tennessee law, if no cause of action exists thereunder, then there can be no right of recovery. *See Becker v. Celebration, Inc.*, C.A. 6th (1976), 541 F.2d 156, 158[3].

" * * * Tennessee recognizes the substantive right of indemnification between joint tort-feasors in situations wherein a passive tort-feasor seeks indemnification from an active tort-feasor. * * *" *Dawn v. Essex Conveyors, Inc.*, D.C.Tenn. (1973), 379 F.Supp. 1342, 1344[4], judgment affirmed C.A. 6th (1974), 498 F.2d 921, certiorari denied (1975), 419 U.S. 1040, 95 S.Ct. 528, 42 L.Ed.2d 317. It recognizes the substantive right of indemnification under the terms of an express contract. *Kroger Co. v. Giem* (1964), 215 Tenn. 459, 472–473[13], 387 S.W.2d 620; *accord: Houseboating Corp. of America v. Marshall* (Tenn., 1977), 553 S.W.2d 588, 589[1]. It recognizes also that an obligation to indemnify may arise by implication from the relationship of the parties, *ibid.*, 553 S.W.2d at 589[1], as where the distributor of a manufactured product discharged an obligation of the manufacturer for a defect in the product which had occurred in its manufacture.

None of these rights of action for indemnification recognized by Tennessee encompasses the claims of the third-party plaintiff. Herein, Utility was the manufacturer of the defective product, and Allfast was one of the suppliers of component materials which Utility used in such manufacture. The plaintiffs in their actions against Utility claimed that Utility was strictly liable to them in tort and breached an implied warranty to Reco by virtue of a dangerous defect extant in the highway-trailer when it reached the plaintiffs as users thereof.

▮ Among the defects claimed was defective rivets. These rivets were manufactured and sold to Utility by Allfast, just as other component parts were supplied to Utility in the manufacture of trailers. The rivets were "squeezed" with 17,000 pounds of pressure by Utility's workmen in the process of manufacturing the trailer. As there was substantial change in each and every rivet utilized by Utility in manufacturing the trailer which it sold to Reco and which reached Mr. Holt after the rivet left Allfast's control, it can hardly be contended seriously that Utility and Allfast were joint tort-feasors in connection with Mr. Holt's and Reco's injuries and damages or that Allfast agreed expressly or impliedly to indemnify Utility for damages it might be required to pay because of a defective trailer it manufactured using rivets supplied to it by Allfast.

In each of the decisions cited in *Houseboating, supra*, the indemnitor was found to have assumed the obligation to discharge a duty which belonged primarily or had belonged previously to the indemnitee: The stevedoring company assumed by express contract the duty which had belonged to the shipowner of performing all the stevedoring operations in the loading of cargo on a ship in *Ryan Stevedoring Co. v. Pan Atlantic SS. Corp.* (1956), 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133. The coal-producer had the implied primary duty, in so far as its relationship with the coal-seller was concerned, to pay miners the minimum wages required by a federal statute to be paid by those with whom the government contracted; but the statute placed the nondelegable duty for such payment on both the parties which had contracted with the government. After the coal-seller was required by the Secretary of Labor to pay the deficiency, it had a right of indemnity therefor from the coal-producer in *So. Coal & Coke Co. v. Beech Grove Mining Co.*, C.A.Tenn. (1963), 53 Tenn.App. 108, esp. 116[4], 381 S.W.2d 399, certiorari denied (1964). Federal statutes and ICC and tariff regulations constituted an implied agreement that the common carrier would assume the shipper's obligation to secure cargo in a truck safely in *General Electric Company v. Moretz*, C.A. 4th (1959), 270 F.2d 780, certiorari denied (1960), 361 U.S. 964, 80 S.Ct. 593, 4 L.Ed.2d 545.

▮ With these " * * * the governing considerations * * *" in *Houseboating, supra*, 553 S.W.2d at 589, this Court anticipates that, if and when squarely confronted with the issue, the Supreme

**514**

Court of Tennessee would not accord to a manufacturer a right of indemnification merely from the relationship with it of a supplier of a component part for use in such manufacture. For such reason, the Court hereby DIRECTS the entry of a judgment notwithstanding the verdict in each of these actions of the respective third-party claims as if the verdict requested by the third-party defendant had been directed. Rule 50(b), Federal Rules of Civil Procedure; *Southeastern Greyhound Lines v. McCafferty*, C.C.A. 6th (1948), 169 F.2d 1, 3, certiorari denied (1948), 335 U.S. 861, 69 S.Ct. 136, 93 L.Ed. 407.

### ON MOTION FOR NEW TRIAL

The defendant moved timely for a new trial. Rule 59(a), (b), Federal Rules of Civil Procedure. The motion lacks merit.

■ There was ample evidence from which the jury could have found reasonably in favor of the respective plaintiffs and against the defendant. This Court is not permitted to reweigh that evidence and set aside the verdicts of the jury merely because the jury could have decided in favor of the defendant or because the Court might feel that different verdicts would have been more reasonable. *McConnell v. United States*, D.C.Tenn. (1970), 50 F.R.D. 499, 502 [6, 7]. Juries are not bound by what might seem inescapable logic to judges or lawyers. *See Morissette v. United States* (1952), 342 U.S. 246, 276, 72 S.Ct. 240, 256, 96 L.Ed. 288, 307.

■ The Court is not convinced that it erred in limiting the testimony of the defendant's expert witness Dr. Speckhart; it was not shown that this witness' expertise was such that allowing him to reconstruct this accident would have assisted the jury in its search for the truth. *See United States v. Barker*, C.A. 6th (1977), 553 F.2d 1013, 1024[10, 11]; Rule 702, Federal Rules of Evidence. Furthermore, the Court was of the view that the probative value of this line of testimony would be substantially outweighed by the danger of misleading the jury. Rule 403, Federal Rules of Evidence. " * * * A courtroom is not a research laboratory. * * * " *United States v. Brown*, C.A. 6th (1977), 557 F.2d 541, 556.

The motion hereby is

DENIED.