IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
APRIL 2000 Session

## UNION PLANTERS BANK OF MIDDLE TENNESSEE v. CAROL CHOATE, ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 97-1584-III; The Honorable Ellen Hobbs Lyle, Chancellor**

_____

**No. M1999-01268-COA-R3-CV - Filed August 31, 2000**

_____

This appeal arises from a breach of contract case filed against Mickie Davis ("Davis") by Carole Choate ("Choate"). Choate alleged that Davis breached her contractual and fiduciary duties by authorizing release of funds to Rochford Realty ("Rochford") for a construction project. The trial court granted Davis' motion for summary judgment. Choate appeals.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which CRAWFORD, P.J., and FARMER, J., joined.

Robert A. Anderson, Nashville, for Appellant

Marcy S. Hardee, Franklin, for Appellee

**OPINION**

On July 7, 1995, Choate contracted with Rochford Realty to build a residence on property owned by Choate. The construction agreement included a provision for parties to submit any contract dispute to binding arbitration. Union Planters Bank ("Bank") provided the construction loan financing for the project.

On December 17, 1996, Choate sent a letter to Rochford outlining construction deficiencies. Pursuant to the letter, the parties reached a new agreement as evidenced by notations on the letter.[1] As part of the agreement, parties decided to use the services of Mickie Davis, a local real estate agent, to determine whether "punch-list" deficiencies were successfully completed. In addition, a sum of thirteen thousand five hundred dollars ($13,500.00) was put into escrow at Bank. Under the

_____

[1] These additional terms and agreements were memorialized by hand-written notations on the original letter. These notations included the following dates: January 6, January 7, January 20, and January 23.

agreement, Davis had the sole authority to approve completion of list item deficiencies and authorize release of the money in escrow.[2] These deficiencies were to be completed within thirty days of the new agreement.[3]

On March 18, 1997, Choate notified Bank that the terms of the new agreement had not been met. On the same day, Davis sent a letter to Bank authorizing the release of most of the escrowed money ($13,051.85) to Rochford; the letter stated that only four of the punch-list deficiencies were not completed. Instead of releasing the funds to Rochford, Bank filed an interpleader action in the Davidson County Chancery Court, naming both Choate and Rochford as defendants. Choate responded by filing a cross complaint against Rochford and a third-party complaint against Davis. Specifically, Choate claimed that Davis breached both a contractual and fiduciary duty by authorizing partial release of the funds in escrow.

Both Choate and Rochford submitted issues to binding arbitration as required under original contract. On August 19, 1998, the arbitrator awarded Choate money damages in the amount of twelve thousand nine hundred twenty-two dollars and fifty cents ($12,922.50). Arbitrator awarded Rochford thirteen thousand five hundred twenty-six dollars and eighty five cents ($13,526.85) plus interest. Pursuant to the award, Choate was ordered to pay Rochford six hundred four dollars and thirty-five cents ($604.35) plus interest.

The court below entered an order confirming arbitrator's decision on November 6, 1998. The order noted that it did not dispose of issues remaining between Choate and Davis. Choate filed a motion for judgment on the pleadings or partial summary judgment on these issues which the court denied. Davis filed a summary judgment motion alleging both that she had complied with the contract requirements and that Choate was barred from action by virtue of the arbitrator's award. The court below granted Davis' motion, holding that Choate had not been damaged by Davis' authorization because the funds were not actually released. Choate appeals.

On appeal, Choate asserts that the trial court erred in holding that the claims against Davis were inconsistent with the arbitrator's award and that the court erred in granting Davis' summary judgment motion. In addition, Choate asserts that the trial court erred in holding that Choate did not sustain damages by Davis' authorization of the fund's release.

## Analysis

---

[2]This provision was hand-written and stated as follows: "Requires approval by Mickie Davis of work at Coldwell-Banker. Money confirmed as escrowed at Union Planters Bank Mickie Davis only party required to authorize release." The provision contained additional terms that were marked through.

[3]There is some disagreement over when the thirty day period began as well as whether it was extended to forty-five days. Regardless of which time period applied, the deficiencies were not completed until April 1, 1997, after more than forty-five days had passed.

Although Choate asserts two issues on appeal, we find in necessary to address only whether the trial court erred in granting Davis' motion for summary judgment. Whether the trial court erred in granting a Rule 56 Motion for Summary Judgment is purely a question of law. See TENN. R. CIV. P. Rule 56.04.[4] Therefore, on review, no presumption of correctness attaches to the trial court's judgment. Our task is limited to determining whether the requirements for summary judgment have been met. Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn.1991).

In order to prevail on a motion for summary judgment, there must be no genuine issue with regard to the material facts and the moving party must be entitled to judgment as a matter of law on the undisputed facts. Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn.1993). The movant has the burden of proving that its motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991). To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim. Staples v. CBL & Associates, Inc., No. E1997-00033-SC-R11CV, 2000 WL 291431, at *4 (Tenn. Mar. 20, 2000) citing McCarley v. West Quality Food Serv., 960 S.W.2d 585, 588 (Tenn.1998); Robinson v. Omer, 952 S.W.2d 423, 426 (Tenn.1997).

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. Byrd, 847 S.W.2d at 210-11. With the foregoing in mind, we now turn to the facts in this case.

Neither party disputes the material facts relevant to this issue. Choate and Rochford contracted for the construction of a home on Choate's property. This contract was later modified to extend the time period and to make the completed construction subject to Davis' approval. Although all the construction was not completed by the specified date, Davis' authorized the release of most of the escrowed funds. Based on the dispute between Choate and Rochford, Bank did not release the funds. Thereafter, Choate and Rochford settled their claims in arbitration. Choate sought recovery against Davis for breach of contract and breach of fiduciary duty. There is no genuine issue as to the material facts in this case. Therefore, Davis has met the first prong of the two part summary judgment standard. We now turn to the second prong: whether Davis is entitled to judgment as a matter of law.

Based on the positions of the parties, Davis may prevail only if she can negate an essential element of Choate's breach of contract and fiduciary duty claim. Proof of damages is an essential

---

[4]TENN. R. CIV. P Rule 56.04 provides in relevant part: "...the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

element of both these causes of action. The court below found that Choate had not suffered damages by virtue of Davis' authorization of the release of the escrowed fund and that Choate could therefore not prevail.  On appeal, Choate argues that she did suffer damages because of the expense of dealing with the interpleader suit brought by Bank.  We do not agree.

Choate bases her "damage" element on an implied indemnity theory, arguing that she suffered by virtue of the interpleader suit filed by Bank. See Winter v. Smith, 914 S.W.2d 527, 541 (Tenn. Ct. App. 1995) citing Houseboating Corp. v. Marshall, 553 S.W.2d 588, 589 (Tenn. 1977) (holding there is an implied obligation to indemnity when the obligation is a necessary element of the parties' relationship, or when justice and fairness demand the burden of paying for the loss be shifted to the party whose fault or responsibility is qualitatively different from the other parties). Choate asserts that Davis' authorization of the release of the escrowed funds proximately caused the Bank's initiation of the interpleader action.  From our review of the record, it seems certain that Davis' authorization did not cause the dispute that led to the interpleader suit. Rather, Davis' act had little or no effect on the parties' position.  Bank did not release the funds pursuant to Davis' authorization.  Bank filed the interpleader suit as a result of the on-going dispute between Choate and Rochford, and in order to avoid liability for the escrowed funds.

Based on the foregoing, we find that the trial court did not err in granting Davis' motion for summary judgment.  Davis' action did not directly or proximately cause any recoverable damage to Choate.  Therefore, Choate could not prevail on her claims against Davis.  Accordingly, the action of the trial court is hereby affirmed.

## Conclusion

For the reasons set forth above, we hereby affirm the trial court's grant of Davis' Motion for Summary Judgment.  Costs on appeal are taxed to the appellant, Carol Choate,  for which execution may issue, if necessary.

_____
ALAN E. HIGHERS, JUDGE