## SILAS MATTHEWS v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY AND THE NEWARK PASSENGER RAILWAY COMPANY.

1. One injured by a collision between a locomotive of a railroad company and a car (in which he was a passenger) of a street railway company may maintain a joint action against both companies if the collision was produced by the neglect of the railroad company to give notice of the approach of the locomotive, concurring with the neglect of the railway company to observe proper care in crossing the railroad track.

2. Although such duties are diverse and the neglect to perform each is separate and disconnected, yet, as the wrongdoing of one company unites with that of the other in causing injury, the tort is joint, and one or both tort-feasors may be sued.

3. If the jury negative the negligence charged against one of such tort-feasors, a verdict against the other is not objectionable.

---

Case certified.

Matthews, the plaintiff, brought an action of tort in the Essex Circuit against the defendants to recover damages for an injury received in a collision between a locomotive of the railroad company and a car (in which he was a passenger) of the railway company.

There was a verdict in favor of the railway company and against the railroad company.

The railroad company obtained a rule to show cause why the verdict against it should not be set aside.

Plaintiff obtained a rule to show cause why the verdict in favor of the railway company should not be set aside.

The rules were consolidated and certified to this court for its advisory opinion.

Argued at June Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiff, *R. Wayne Parker*.

For the Delaware, Lackawanna and Western Company, *Flavel McGee*.

For the Newark Passenger Railway Company, *Samuel Kalisch*.

The opinion of the court was delivered by

MAGIE, J.  Counsel for the railroad company first urges that the verdict finding it to have been negligent was not supported by evidence or was contrary to the weight of evidence.

It is unnecessary to review in detail the case.  The discussion of counsel was thorough and exhaustive, and much consideration has been given to the evidence.  The conclusion reached is that there was evidence of the neglect of the railroad company to give due notice of the approach of its train sufficient to go to the jury, and although there was much opposing evidence, it did not so preponderate as to require or justify a new trial on this ground.

It is next claimed that the verdict awarded excessive damages.  The amount awarded was large, but, considering the proofs of injury, it was not so large as to indicate mistake or misconduct on the part of the jury.  The verdict ought not to be disturbed on that ground.

It is lastly contended on behalf of the railroad company that the verdict against it should be set aside because there

was no proof of joint negligence on the part of the two defendants.

The claim is, as I understand from the argument, that these defendants cannot be jointly sued for an injury occasioned by such a collision, unless the neglect which caused the collision was of a joint duty owed by both defendants, and that, on failure of proof of a joint duty and joint neglect, neither defendant can be held.

If this contention is sound it is obvious that the declaration was demurrable, for it charged that the railroad company owed to plaintiff a duty to give notice of the passage of its trains across the tracks of the railway company, and that the railway company owed to him a duty to take precautions in carrying him across the tracks of the railroad company, and it averred that each company had neglected to perform the several duties thus charged, and that thereby the collision which injured plaintiff occurred.

But the contention is wholly inadmissible, and the declaration would plainly have been good on demurrer. The error arises out of a misconception as to the nature of a joint tort.

If two or more persons owe to another the same duty, and by their common neglect of that duty he is injured, doubtless the tort is joint, and upon well-settled principles each, any or all of the tort-feasors may be held. But when each of two or more persons owes to another a separate duty which each wrongfully neglects to perform, then, although the duties were diverse and disconnected and the negligence of each was without concert, if such several neglects concurred and united together in causing injury, the tort is equally joint and the tort-feasors are subject to a like liability.

This doctrine was announced in this court by the Chief Justice in *Newman* v. *Fowler*, 8 *Vroom* 89.

The like doctrine was applied by the Court of Appeals in New York to a case identical with that under consideration. *Colegrove* v. *New York and New Haven Railroad Co.*, 20 *N. Y.* 492. That case has been mentioned with approval in *Barrett* v. *Third Avenue Railway Co.*, 45 *N. Y.* 628; *Slater* v. *Mer-*

sereau, 64 *Id.* 138; *Arctic Fire Insurance Co.* v. *Austin,* 69 *Id.* 470; see, also, *Cooper* v. *Eastern Transportation Co.,* 75 *Id.* 116. The same view is taken in other courts. *Wabash, St. Louis and Pittsburg Railway Co.* v. *Shacklet,* 105 *Ill.* 364; *Transit Co.* v. *Shacklet,* 119 *Id.* 232; *Carterville* v. *Cook,* 129 *Id.* 152; *Cuddy* v. *Horn,* 46 *Mich.* 596. I have not discovered any dissent from this doctrine except in Pennsylvania, the courts of which state, while admitting the general rule, make an exception of cases where the injured party was the passenger of a carrier whose negligence concurred with the negligence of another in producing the injury. The reason of this exception, however, is that those courts adhere to the doctrine of *Thorogood* v. *Bryan,* 8 *C. B.* 114, which has always been repudiated in New Jersey, and is now expressly overruled in England. *The Bernina,* L. R., 12 *P. Div.* 58; *S. C.,* L. R., 13 *App. Cas.* 1. The Pennsylvania cases are *Lockhart* v. *Lichenthaler,* 46 *Pa. St.* 151; *Carlisle* v. *Brisbane,* 113 *Id.* 544; *Dean* v. *Pennsylvania Railroad Co.,* 129 *Id.* 514; *Klauder* v. *McGrath,* 35 *Id.* 128; *North Penn. Railway Co.* v. *Mahoney,* 57 *Id.* 187.

The declaration, therefore, set out a good cause of action against two joint tort-feasors, and there can be no doubt that in such an action one defendant may be held liable alone if the proof justify it.

The verdict against the railroad company should not be disturbed.

The verdict in favor of the railway company is also questioned by the plaintiff.

There was strong evidence of its negligence tending to produce plaintiff's injury, but it was encountered by contradictory evidence. The question was fairly submitted to the jury and no sufficient reason to disturb their verdict appears.

Let the Circuit Court be advised to discharge both rules.