LILLIAN O'NEILL, PLAINTIFF-APPELLEE, v. ALLIED
FREIGHT DISTRIBUTORS, DEFENDANT-APPELLANT,
IMPLEADED WITH PUBLIC SERVICE CO-ORDINATED
TRANSPORT.

Submitted January 26, 1934—Decided May 14, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Morris E. Barison.*

For the appellee, *Edward J. Madden.*

PER CURIAM.

Plaintiff was a passenger about midnight in a Public Ser-
vice trolley car (Grove street line, Jersey City), which was
in collision with an Allied Freight truck and trailer, head on.
She sued both in District Court without jury and that court
exonerated Public Service and awarded judgment against
Allied Freight, the appellant, for $500. There are only two
specifications for reversal: 1. Refusal to "direct a verdict"
for Allied Freight on the ground of the failure of plaintiff
to prove negligence as against that defendant. 2. Refusal
to nonsuit as to Allied Freight, on the same ground.

The situation as the court could find on the proofs, was
this: the trolley car, en route to Hoboken, was going east on
Sixteenth street between Erie and Grove street, when it came
into collision with the Allied truck and trailer headed west.

The motorman, seeing collision imminent, threw on his brakes and ran for his life. The truck hit the left front of the car and demolished it, throwing plaintiff to the floor. The car, according to the testimony, had been going at a "moderate rate of speed."

The two witnesses for plaintiff were herself and another passenger named Monohan.

Plaintiff rested, and motion to nonsuit was made on the ground already stated. The argument seems to have been and now to be that the fact that the truck ran into the halted car was not evidence of negligence on the part of the truck driver. Counsel for defendant said: "We admit there was a collision but don't admit there is any evidence how the collision came about." The motion to nonsuit was denied. Defendant Public Service also moved a nonsuit and that was also denied. The Allied Freight rested its case without offering any evidence and moved a "direction" on the same ground as urged for a nonsuit. This motion was denied and the case for Public Service was put in. The motorman was sworn and testified that his car was moving at about twelve miles an hour because Grove street was a stop street and he was ready to stop; that he was about thirty-five feet west of Grove street when he first saw the truck, which was attempting to round the corner, with trailer behind, going at about twenty-five miles an hour and ran into the trolley car after the latter had come to a standstill. Two or three other passengers testified, and photographs of the wrecked car were put in evidence.

We are clear that the evidence as it stood when the appellant, Allied Freight, moved a nonsuit and moved for a "direction" was such as to raise clearly an inference of negligence on the part of appellant in so operating its truck as to run into and wreck the trolley car. Even assuming the motorman was at fault, the court would at least be entitled to hold both corporations as joint tort-feasors in a suit by the plaintiff. *Matthews* v. *Delaware, Lackawanna and Western Railroad Co.*, 56 *N. J. L.* 34; 27 *Atl. Rep.* 919. In so saying we are

not to be understood as concurring in the apparent theory of appellant that it was entitled, by resting its case before the other defendants had been heard, to exclude their evidence from consideration as against appellant. The contrary was held in the case of *Kaltman* v. *Bocino,* 2 *N. J. Mis. R.* 1125; 125 *Atl. Rep.* 654.

The judgment will be affirmed.