**Robert M. STOPFORD, suing on behalf of himself and all other stockholders of Brunswick Worsted Mills, Inc. similarly situated who may come in and contribute to the expense of this action, Plaintiff,**

v.

**Henry C. HASKELL, Emily M. Haskell, John H. Halford, Jr., Brunswick Worsted Mills, Inc. and The Carvill Combing Company, Inc., Defendants.**

Civ. A. No. 6434.

United States District Court
D. Connecticut.

Jan. 22, 1957.

Blum, Jolles, Gruber, Szabad & Gerson, New York City, Dwight F. Fanton, Bridgeport, Conn., for plaintiff.

Schatz & Schatz, Hartford, Conn., for defendants.

J. JOSEPH SMITH, Chief Judge.

The plaintiff, a stockholder in Brunswick Worsted Mills, Inc., has brought a

three count derivative suit alleging that the individual defendants as interlocking directors of the two corporate defendants, Brunswick and Carvill Combing Co., Inc. have so manipulated the business of Brunswick as to divert Brunswick's assets to themselves and to Carvill in violation of their fiduciary duty to the stockholders of Brunswick. The suit was originally instituted against the two corporate defendants and all of the directors of Brunswick as individual defendants. By consent the action was dismissed as against two of these individual defendants for improper service of process and the remaining defendants now move to dismiss the complaint for failure to join indispensable parties. Federal Rules of Civil Procedure, rules 12(b) (7), 19(b), 28 U.S.C.A.

On such a motion the court is faced with conflicting policies. On the one hand it is reluctant to deny the plaintiff his day in court; on the other hand it must avoid affecting interests which are not adequately represented. Lumbermen's Mutual Casualty Co. v. Elbert, 1954, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59; Zwack v. Kraus Bros. & Co., D.C. S.D.N.Y.1950, 93 F.Supp. 963. To resolve this dilemma the court must look to the facts of the case and the relief sought.

With the dismissal of the complaint against two of the directors of Brunswick there still remain in the case the two corporate defendants and all of the alleged common directors of those corporations.

The dismissed parties are not indispensable to the relief sought by the plaintiff in the name of Brunswick against the individual defendants. The plaintiff may have an accounting and recovery of any assets of which Brunswick may have been mulcted by the individual defendants, leaving to future litigation the liability of the dismissed parties. To say that the liability of all the directors should be settled in one litigation is wishful thinking since these directors reside in three jurisdictions. Nor is Brunswick's recovery limited to the amounts misapplied by the present defendants. Directors who breach their fiduciary duties to their stockholders are joint tort-feasors and as such are jointly and severally liable for their actions. Dickinson v. Burnham, 2 Cir., 1952, 197 F.2d 973, 981. Cf. 3 Moore's Federal Practice, Sec. 19.13.

Similarly, the dismissed parties are not indispensable to the relief sought against Brunswick and Carvill. No relief is sought against Brunswick as an entity except to prevent the dissipation of its assets. Since the court has jurisdiction of Brunswick no decree against any of the directors is necessary to accomplish that result. Smith v. Aeolian Co., D.C.D.Conn.1943, 53 F.Supp. 636. Since the dismissed parties on the face of the pleadings are not connected with Carvill any relief against that corporation will not affect them. The fact that Carvill acted in conjunction with the dismissed parties does not make the latter indispensable. Koster v. Lumbermen's Mutual Casualty Co., 2 Cir., 1946, 153 F.2d 888, affirmed 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067.

The case of Smith v. Sperling, D.C. S.D.Cal.1953, 117 F.Supp. 781 relied upon by the defendants is not persuasive. In that case the court refused to entertain a count based on a claim that the directors of corporation A were liable for money damages for an improvident and fraudulent contract with corporation B when corporation B was not a party to the action on that claim and could not defend the validity of the contract. In the instant case any question as to the propriety of the relationship between Brunswick and Carvill may be contested by either corporate defendant.

The motion to dismiss for failure to join indispensable parties is denied.