**RESOLUTION TRUST CORPORATION, Plaintiff,**

v.

**Adolph J. BLOCK, et al., Defendant.**

Supreme Court of Tennessee, at Nashville.

June 24, 1996.

Ronald W. Woods, N.R. Coleman, Jr., Milligan & Coleman, Greeneville, Winthrop A. Short, Jr., David J. Pierce, Megan E. Burns, Jonathan L. Thorton, Kaufman & Canoles, P.C., John P. Parker, F.D.I.C., Washington, D.C., for Plaintiff–Respondent.

J. Thomas Jones, Bernstein, Stair & McAdams, Knoxville, Joseph F. Rosenberg, Dale, Jackson & Rosenberg, Nashville, David W. Blankenship, Kingsport, Thomas A. Peters, Kingsport, Steven C. Frazier, Church Hill, for Defendants–Petitioners.

**OPINION**

WHITE, Justice.

### I. Introduction

The United States District Court for the Eastern District of Tennessee has certified to this Court, pursuant to Rule 23, Tennessee Supreme Court Rules, the following question:

Whether under Tennessee law the directors and officers of a Tennessee corporation would be jointly and severally liable for the collective actions of the board or

proportionately liable under the doctrine of comparative fault.

As written, the question is broadly stated. We understand it, however, to focus on the application of principles of comparative fault to circumstances in which corporate officers and directors are found to be liable for damages. The issue is narrowed and clarified by the pleadings and facts.

## II. Facts

Resolution Trust Corporation, which was first conservator, and then receiver, for Lincoln Federal Savings and Loan Association, sued the corporation's former officers and directors alleging, as causes of action, breach of fiduciary duty, negligence, gross negligence, negligence *per se*, and breach of contract. The causes of action arise out of certain loans approved by the officers and directors and made by the corporation. In an amended complaint, Resolution Trust requested judgment "against the defendants, jointly and severally in the amount of $4.2 million...."

Defendants filed a motion to strike alleging that Resolution Trust could not obtain a joint and several judgment, but was limited to a judgment based on each defendant's comparative fault. After initially denying the motion, the federal court reconsidered and granted defendants' petition for certification of a question of law which we accepted.

In addressing the certified question, we make the following assumptions. First, we assume that the basis of defendants' liability is not at issue. The question implies that the officers and directors are liable to the corporation for losses caused by their "collective" breaches. It further assumes that the receiver is entitled to maintain the suit on behalf of the insolvent corporation. Finally, the question as written implies, and we assume for purposes of our response, that no affirmative defenses or claims for contribution or indemnity are presented.

Our answer, then, to the question before us is as follows: In an action for damages on behalf of a corporation against its officers and directors who are found to be liable for their collective breach of fiduciary duty and contract and for negligence, the liability of the officers and directors to the corporation is joint and several, not proportional to fault.

## III. Analysis

Our analysis begins with the recognition that the adoption of comparative fault principles in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn.1992), has prompted reconsideration of numerous tort principles. While we noted in *McIntyre* the inconsistencies in the premises of comparative fault and those of joint and several liability, we did so in the context of that case involving a sole tortfeasor sued for damages proximately caused by his negligence. In our more recent decision, *Owens v. Truckstops of America*, 915 S.W.2d 420 (Tenn.1996), in which Justice Drowota dissented, we addressed head on defendants' contention that *McIntyre* abolished all joint and several liability. After an exhaustive review of all our comparative fault decisions, we concluded that "where the separate, independent negligent acts of more than one tortfeasor combine to cause a single, indivisible injury, each tortfeasor will be liable only for that proportion of the damages attributable to its fault." *Owens v. Truckstops of America*, 915 S.W.2d at 430. Nonetheless, as we noted in *Owens*, joint and several liability "has continued to be an integral part of the law...." *Id.* at 431, n. 13.

In few, if any, areas of the law has the concept of joint and several liability remained so integral as in the circumstances presented here. While officers and directors' liability to the corporation has been attributed to various legal theories,[1] it has been unanimously recognized that officer and director liability to the corporation for their collective actions is joint and several. *See e.g., Radol*

---

1. Some analyses have denoted the basis as contractual, *Robertson v. Davis*, 169 Tenn. 659, 90 S.W.2d 746 (1936); *Wallace v. Lincoln Savings Bank*, 89 Tenn. 630, 15 S.W. 448, 453 (1891); others have engaged in an analysis based in agency law, *Knox–Tenn Rental Co. v. Jenkins*, 755 S.W.2d 33, 36–37 (Tenn.1988); still others find liability to be based in tort, *Radol v. Thomas*, 772 F.2d 244 (6th Cir.1985).

*v. Thomas,* 772 F.2d 244 (6th Cir.1985)(applying Ohio law); *Lawson v. Baltimore Paint & Chemical Corporation,* 347 F.Supp. 967 (D.Md.1972)(applying Maryland law); *Heit v. Bixby,* 276 F.Supp. 217 (E.D.Mo.1967)(applying Missouri law); *Stopford v. Haskell,* 147 F.Supp. 509 (D.Conn.1957)(applying Connecticut law); *Fagerberg v. Phoenix Flour Mills Company,* 50 Ariz. 227, 71 P.2d 1022 (1937); *Wilson v. Lucas,* 185 Ark. 183, 47 S.W.2d 8 (1932); *Resolution Trust Corporation v. Heiserman,* 898 P.2d 1049 (Colo.1995); *Dixmoor Golf Club v. Evans,* 325 Ill. 612, 156 N.E. 785 (1927); *Tackett v. Green,* 187 Ky. 49, 218 S.W. 468 (1920); *Crowley v. Communications for Hospitals, Inc.,* 30 Mass.App.Ct. 751, 573 N.E.2d 996 (1991); *Knox Glass Bottle Company v. Underwood,* 228 Miss. 699, 89 So.2d 799 (1956); and *Bendum v. First Citizens' Bank,* 72 W.Va. 124, 78 S.E. 656 (W.Va. 1913). This unanimous recognition finds support not only in these modern-day decisions, but in historical treatment as well.

Originally, the concept of joint and several liability embraced the notion that several persons uniting to cause harm to a plaintiff could be joined as defendants and held individually liable for the harm to plaintiff. Thus, the idea of joint liability, in that each defendant could be joined in the action, and several liability, in that each defendant could be held responsible for the entire harm,[2] was established.

As originally contemplated, joint and several liability applied only to joint tortfeasors who acted in concert with one another. V. Schwartz, *Comparative Negligence,* § 15–3 (3d ed. 1994). Thus, it attached to actions of "two or more persons [who] owe to another the same duty, and [who] by their common

neglect of that duty ... injure [the plaintiff]." *Cooley on Torts,* § 223 (3d ed. 1930)(quoting *Matthews v. Delaware R.R. Co.,* 56 N.J.L. 34, 27 A. 919, 920 (Sup.1893)). In the context of concerted actions, "it is a very reasonable and just rule of law which compels each to assume and bear the responsibility of the misconduct of all." *Id.*

As defined, joint and several liability of tortfeasors who act in concert need not be affected by the adoption of comparative fault principles.[3] This is the approach taken in the Uniform Comparative Fault Act, which we have not adopted, Uniform Comparative Fault Act, § 4, Comments,[4] and by most legal scholars.

Prosser and Keeton, for example, express the principle as follows:

*Concerted Action*

Where two or more persons act in concert, it is well settled both in criminal and in civil cases that each will be liable for the entire result. Such concerted wrongdoers were considered 'joint tort feasors' by the early common law. In legal contemplation, there is a joint enterprise, and a mutual agency, so that the act of one is the act of all, and liability for all that is done is visited upon each.

*Prosser and Keeton on Torts,* § 52, p. 346 (W. Page Keeton ed.)(5th ed. 1984).

Harper, James, and Gray expound further:

In terms of legal responsibility, the distinguishing feature of a wrong to which the label joint tort has been affixed is that the tortfeasors will be held jointly and severally—or entirely—liable for the harm proximately resulting. This principle was established early in the common law and is of

---

**2.** *Black's Law Dictionary* defines joint liability as "[l]iability that is owed to a third party by two or more other parties together" and several liability as "[l]iability separate and distinct from liability of another to the extent that an independent action may be brought without joinder of others." Joint and several liability "[d]escribes the liability of copromisors of the same performance...." *Black's Law Dictionary,* 837, 838, 1374 (6th ed.1990).

**3.** Though some state legislatures have abolished the doctrine with the adoption of a comparative fault statute, this is a policy decision, not one

dictated by the adoption of comparative fault. *See* C. Mutter "Moving to Comparative Negligence in an Era of Tort Reform: Decisions for Tennessee," 57 *Tenn.L.Rev.* 199, 304 n. 491 (1990).

**4.** In the comments to Section 4, the Uniform Act specifies that "[j]oint-and-several liability under the common law means that each defendant contributing to the same harm is liable to [the plaintiff] for the whole amount of the recoverable damages. This is not changed by the Act." Uniform Comparative Fault Act, § 4, Comments.

primary importance in any discussion of whether the particular tort consummated by any given wrongdoers is thought of as joint.

Cases in which there is a concert of action or a common plan are the clearest examples of joint torts.

F. Harper, F. James, & O. Gray, 3 *The Law of Torts,* § 10.1, p. 1–2 (2d ed. 1986). And Fletcher, addressing specifically the concept in the context of the liability of corporate officers and directors who act in concert, explains:

Liability is joint and several where two or more directors participate in the wrongful acts. Directors and officers of a corporation are jointly as well as severally liable for mismanagement, willful neglect, or misconduct of corporate affairs if they jointly participate in the breach of fiduciary duty or approve of, acquiesce in or conceal a breach by a fellow director or officer.

3 *Fletcher Cyclopedia of the Law of Private Corporations,* § 1002 (1990 Rev.Ed.).

Even those commentators who have advocated the abolition of joint and several liability as a corollary to the adoption of comparative fault have acknowledged the need for retaining its application to collective or concerted actions. *See* C. Mutter, "Moving to Comparative Negligence in an Era of Tort Reform: Decisions for Tennessee," 57 *Tenn. L.Rev.,* 199, 305 (1990) (hereafter 57 *Tenn. L.Rev.* at § ____); *Prosser and Keeton on Torts,* § 52 (W. Page Keeton ed.)(5th ed. 1984); 19 C.J.S. "Corporations," § 484 (1990). For example, in an article published before our decision in *McIntyre,* Professor Mutter advocated the adoption of a comparative fault system in Tennessee. While noting that "comparative negligence and joint and several liability do not mesh," 57 *Tenn.L.Rev.* at 318–19, she added the following:

In order to understand joint and several liability it is necessary to advert to some of the general principles applicable to joint tortfeasors. Initially at common law, a "joint tort" was limited to actual concerted action. Thus, all individuals, who with a common purpose, committed a tort against the plaintiff were liable for the entire damage done, "although one might have bat-tered, while another imprisoned the plaintiff, and a third stole the plaintiff's silver buttons." Only a tacit understanding, not an express agreement was necessary. *Liability for concerted action continues to be joint and several today, and in general opponents of the rule have no quarrel with its application in this context.*

*Id.* at 305 (emphasis added) (citations omitted).

## IV. Conclusion

Under either the historic or modern approach, the result is the same. In an action for damages by or on behalf of a corporation against the officers and directors of the corporation in which the officers and directors are found to be liable as the result of their collective breach of fiduciary duty, negligence, or breach of contract, the liability of the defendants to the corporation is joint and several.

The Clerk will transmit this opinion in accordance with Rule 23, Section 8 of the Tennessee Supreme Court Rules. The costs will be taxed one-half to plaintiff and one-half to defendants equally.

BIRCH, C.J., and DROWOTA, ANDERSON and REID, JJ., concur.