# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 4, 2010 Session

## JOY C. LINDSEY v. WALGREEN COMPANY, ET AL.

### Interlocutory Appeal from the Circuit Court for Knox County
No. 1-561-08     Dale C. Workman, Judge

### No. E2010-00244-COA-R9-CV - FILED NOVEMBER 18, 2010

Joy C. Lindsey ("Plaintiff") sued Walgreen Company ("Walgreen"), Robert Cortney ("Cortney"), and Kane David Stackhouse ("Stackhouse") after David Z. Lindsey, Sr. was shot and killed by Stackhouse in a Walgreen's parking lot. Approximately ten months after filing their answer to Plaintiff's complaint, Walgreen and Cortney filed a motion to amend to add a cross-claim against Stackhouse. The Trial Court denied Walgreen and Cortney permission to amend. We granted permission for an interlocutory appeal on the sole issue of whether Walgreen and Cortney should be granted leave to amend to add a cross-claim against Stackhouse. We reverse the Trial Court's order and grant Walgreen and Cortney permission to add a cross-claim against Stackhouse.

### Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Circuit Court Reversed; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

James W. Harrison, Morristown, Tennessee, for the appellants, Walgreen Company and Robert Cortney.

James A.H. Bell, Knoxville, Tennessee, for the appellee, Joy C. Lindsey.

## OPINION

## Background

David Z. Lindsey, Sr. ("Deceased") was a truck driver employed by CPC Special Logistics South, LLC who picked-up and delivered products to Walgreen stores.[1] On November 11, 2006 Deceased drove into a Walgreen parking lot on Clinton Highway, parked his personally-owned vehicle, and began to perform a safety inspection on his delivery truck which was parked in the Walgreen's parking lot. The delivery truck was provided by Walgreen. Stackhouse approached Deceased in the parking lot and robbed him at gunpoint. Stackhouse then shot Deceased in the leg and in the head. Deceased died a short time later.

In December of 2008, Plaintiff, both individually and as the surviving spouse of Deceased, sued Walgreen, Cortney, and Stackhouse. Cortney was the manager of Walgreen's store on Clinton Highway. Walgreen and Cortney filed an answer to Plaintiff's complaint on January 5, 2009. On October 22, 2009, Walgreen and Cortney filed a motion seeking leave to amend their answer to include a cross-claim for indemnification against Stackhouse. After a hearing, the Trial Court entered its order on February 1, 2010 denying Walgreen and Cortney permission to amend their answer, but granting them permission to seek an interlocutory appeal pursuant to Tenn. R. App. P. 9.

## Discussion

We granted Walgreen's and Cortney's application for permission to appeal on the sole issue of whether the Trial Court erred in denying their motion to amend their answer to assert a cross-claim against co-defendant, Stackhouse.

As our Supreme Court has instructed:

> The grant or denial of a motion to amend a pleading is discretionary with the trial court. *Harris v. St. Mary's Med. Ctr., Inc.*, 726 S.W.2d 902, 904 (Tenn. 1987). Generally, trial courts must give the proponent of a motion to amend a full chance to be heard on the motion and must consider the motion in light of the amendment policy embodied in Rule 15.01 of the Tennessee Rules of Civil Procedure that amendments must be freely allowed; and, in the event the motion to amend is denied, the trial court must give a reasoned

---

[1] The facts as stated in this Opinion are taken from the pleadings in order to give context to the issue before this Court. They are not intended to be taken as proven facts.

explanation for its action. *Henderson v. Bush Bros. & Co.*, 868 S.W.2d 236, 238 (Tenn. Workers' Comp. Panel 1993). Although permission to amend should be liberally granted, the decision "will not be reversed unless abuse of discretion has been shown." *Welch v. Thuan*, 882 S.W.2d 792, 793 (Tenn. Ct. App. 1994). Factors the trial court should consider when deciding whether to allow amendments include "[u]ndue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979).

In *Branch v. Warren*, 527 S.W.2d 89 (Tenn. 1975), we discussed the effect of Rule 15.01 of the Tennessee Rules of Civil Procedure:

> The new Rules of Civil Procedure, in this regard "come not to destroy the old law, but to fulfill." They were designed to simplify and ease the burden of procedure under the sometimes harsh and technical rules of common law pleading. Accordingly, *Rule 15.01 provides that leave (to amend) shall be freely given when justice so requires. This proviso in the rules substantially lessens the exercise of pre-trial discretion on the part of a trial judge.* Indeed, the statute (§ 20-1505, T.C.A.) which conferred a measure of discretion on trial judges was repealed and Rule 15 stands in its place and stead. That rule needs no construction; it means precisely what [it] says, that "leave shall be freely given."

*Id*. at 91-92 (emphasis added). Later, in *Gardiner v. Word*, 731 S.W.2d 889, 891 (Tenn. 1987), this Court confirmed that *Branch* required trial courts to be liberal in allowing pretrial motions to amend. *See, e.g., Craven v. Lawson*, 534 S.W.2d 653, 655 (Tenn. 1976); *Walden v. Wylie*, 645 S.W.2d 247, 250 (Tenn. Ct. App. 1982); *Douglass v. Rowland*, 540 S.W.2d 252, 256 (Tenn. Ct. App. 1976); *see also Merriman*, 599 S.W.2d at 559; *cf. Liberty Mut. Ins. Co. v. Taylor*, 590 S.W.2d 920, 921 (Tenn. 1979).

*Cumulus Broad., Inc. v. Shim*, 226 S.W.3d 366, 374-75 (Tenn. 2007).

We begin our analysis of the issue before this Court by reviewing the factors that a court should consider when deciding whether to allow an amendment, i.e., "[u]ndue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated

failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Id*. at 374. Although Walgreen and Cortney waited approximately ten months to move for leave to amend, the record reveals that the case had not progressed beyond the discovery stage. Given the facts and circumstances of this particular case, we find no undue delay in the filing of the motion to amend. Furthermore, as Stackhouse was sued by Plaintiff as a defendant in this action, Plaintiff cannot claim lack of notice as to Stackhouse. The record reveals neither a showing of bad faith by Walgreen and Cortney nor a repeated failure to cure deficiencies. This leaves for consideration the questions of whether there would be undue prejudice to Plaintiff if the amendment is allowed, and whether the amendment would be futile.

As for the question of whether allowing the amendment would be futile, we note that our Supreme Court has instructed:

> [W]e conclude that where the intentional actor and the negligent actor are both named defendants and each are found to be responsible for the plaintiff's injuries, then each defendant will be jointly and severally responsible for the plaintiff's total damages.
>
> * * *
>
> Although our adoption of comparative fault abrogated the use of the doctrine of joint and several liability in those cases where the defendants are charged with separate, independent acts of negligence, *see McIntyre v. Balentine*, 833 S.W.2d 52, 58 (Tenn. 1992), the doctrine continues to be an integral part of the law in certain limited instances. *See Owens v. Truckstops of Am.*, 915 S.W.2d 420, 431 n.13, 432 (applying joint and several liability to parties in the chain of distribution of a product when the theory of recovery is strict liability); *see also Resolution Trust Corp. v. Block*, 924 S.W.2d 354, 355-56 (Tenn. 1996) (holding the officer and director jointly and severally liable to the corporation for their collective actions). We believe that in the context of a negligent defendant failing to prevent foreseeable intentional conduct, the joint liability rule "is a very reasonable and just rule of law which compels each to assume and bear the responsibility of the misconduct of all." *Resolution Trust Corp.*, 924 S.W.2d at 356.

*Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 87 (Tenn. 2001).

Plaintiff alleges that Walgreen and Cortney were negligent in failing to prevent the foreseeable intentional conduct of Stackhouse. As joint and several liability has not been

abolished in cases "where the intentional actor and the negligent actor are both named defendants and each are found to be responsible for the plaintiff's injuries," we find that Walgreen and Cortney are not precluded from potentially seeking indemnification from Stackhouse. *Id*. The amendment raising the cross-claim cannot be considered futile. Furthermore, as joint and several liability applies, allowing the amendment will not change Plaintiff's posture in the case. If Plaintiff obtains a judgment against all defendants, Plaintiff will be free to seek execution from any/all of the defendants whether Walgreen and Cortney have the right to seek indemnification from Stackhouse or not.

We are unable to find that Plaintiff would be unduly prejudiced given that Plaintiff sued Stackhouse as a defendant. Naming Stackhouse as a defendant to a cross-claim filed by the other named defendants results in no undue prejudice to Plaintiff as to Plaintiff's claims against any of the defendants.

Given all this, we find that Walgreen and Cortney should be allowed leave to amend to assert a cross-claim against Stackhouse. We, therefore, reverse the Trial Court's February 1, 2010 order.

### Conclusion

The judgment of the Trial Court is reversed and this cause is remanded to the Trial Court for further proceedings and for collection of the costs below. On remand the stay entered by this Court on March 4, 2010 is lifted. The costs on appeal are assessed against the appellee, Joy C. Lindsey.

_____
D. MICHAEL SWINEY, JUDGE

-5-